Argument for Appellant.

No. 1,877.

WILLIAM B. AGARD, Appellant, v. MARIA MANUELA VALENCIA et als.,
RESPONDENTS.

FIFTEENTH JUDICIAL DISTRICT FOR CONTRA COSTA COUNTY.—WHEN ORDERS
    MAY BE MADE.—A judgment on demurrer rendered in the District Court of
    the Fifteenth Judicial District for Contra Costa County, in open Court, is valid,
    notwithstanding the order sustaining the demurrer was made in San Francisco
    and entered on the minutes during vacation.
PRACTICE.—JUDGMENT ON DEMURRER—APPEAL FROM.—The judgment is an
    adjudication on the demurrer, and it is only the judgment, and not the order
    sustaining the demurrer, from which an appeal may be taken; but on an appeal
    from the judgment the order may be reversed in proper cases.
SPECIFIC PERFORMANCE.—AMBIGUITY.—In a suit for specific performance, the
    contract must be so free from ambiguity as to leave no reasonable doubt of the
    intentions of the parties.
IDEM.—It must be shown that the contract is fair and just, and that it would not
    be inequitable to enforce it.
IDEM—ACTION FOR.—PARTIES.—In an action for specific performance of a con-
    tract to convey an undivided interest of a specified quantity of land in a larger
    tract, all persons subject to the plaintiff's equity, and holding adversely to him,
    must be made parties to the proceeding.
IDEM.—Where there is but one contract and one cause of action under it, there
    can be but one action, in which the rights of all the parties can be adjusted.
INJUNCTION.—A perpetual injunction against a judgment in ejectment will not
    be allowed on grounds which could have been set up as a legal defense in the
    action at law.

APPEAL from the District Court of the Fifteenth District,
Contra Costa County.

The case is stated in the opinion.

*McAllister & Bergin*, for Appellant.

The record shows that the order sustaining the demurrer
to the last amended complaint was made in the Court-room
of the District Court, at the City of San Francisco, on July
8th, 1868. This was not at the time or place, when or where,
under the law, the Court could legally make the order.

"The *times* and *places* of holding the several *Courts* of
record shall be provided for by law." (Const. Cal. Art. VI,
Secs. 5, 6 and 12.)

The general Judiciary Act of 1863 prescribes that "the
terms of the District Courts shall be fixed by law. They
shall be held at the county seats of the several counties."
(Stats. 1863, p. 336, Sec. 23.)

In 1866, the Legislature enacted that "there shall be held in the Fifteenth Judicial District terms of said Court as follows: In the City and County of San Francisco on the first Monday of March, June, September and December; in the County of Contra Costa on the third Tuesday of April, July and November." (Stats. 1865–66.)

The third Tuesday in July, 1868, was on July 21, 1868. Martinez is by statute made the county seat of Contra Costa County.

Thus it appears that the order of the Court sustaining the demurrer was made at a time and place unwarranted by law, and the judgment of the Court was rendered thereon when there legally was no Court to render it.

The action of the Court sustaining the demurrer and the judgment thereon entered was emphatically judicial, and such as the Court only could take. (*Goddard* v. *Coffin*, Davis Rep. 333; *Holmes* v. *Lewis*, 2 Wis. 83; *Oliphant* v. *Whitney*, 34 Cal. 26.)

*E. A. Lawrence* and *Hall McAllister*, also for Appellant.

The order sustaining this demurrer is general, and its language implies that each and *all* of the grounds assigned (which are each separate demurrers, although drafted in one paper) are sustained, otherwise it would have specified the particular grounds sustained and denied it as to the others.

The object of a demurrer is to give a better pleading, and the pleader, in amending, must conform to the order sustaining the demurrer, and the record alone discloses what that order was, and cannot be contradicted.

This Court has repeatedly held that a parol contract to convey land, accompanied by possession and acts of part performance, is valid, and within the Statute of Frauds, and will be enforced. (Wood's Dig. p. 108, Sec. 9; *Webber* v. *Marshall et al.* 19 Cal. 447 ; *Arguello* v. *Edinger*, 10 Cal. 150, 13 Cal. 230–33; *Williston* v. *Williston*, 41 Barb. 635; *Bennett* v. *Abrams*, Id. 619.)

And if the complaint "disclosed the fact that the contract was not in writing, but *it also averred acts of part performance, which took the contract out of the operation of the statute,*

*it was not therefore demurrable."* (Story Eq. Pl. Sec 764; *Cozine* v. *Graham et al.* 2 Paige, 177 ; *Harris* v. *Knickerbocker*, 5 Wend. 638 ; *Arguello* v. *Edinger*, 10 Cal. 160.)

It matters not how Bates and others evidence their contract, whether by writing as giving this contract, or a note or a stipulation, or by matters *in pais*, if Mrs. Valencia, herself, has made a *valid parol contract*, which has been partly performed, it will be enforced.

*S. F. & L. Reynolds*, for Respondents, made the following points:

*First* — The contract must be clear, certain and unequivocal in all its parts, so that there shall be no dispute or doubt about its terms.

*Second* — There must be a part performance, by taking possession and making permanent and valuable improvements, such as that, in an action at law, the party cannot be made whole in the way of damages, and that a non-performance of the contract would work a fraud upon him.

*Third* — That such possession and improvements must have been made and had directly under and according to the express terms of such contract. (*Philips* v. *Thompson*, 1 John. Ch. 148; *Parkhurst* v. *Van Cortlandt*, 1 John. Ch. 282–3 ; *Ex parte Hooper*, 19 Ves. 479.)

*Thomas A. Brown*, in *pro. per.*, for Respondents, Blum and Brown.

The action of the District Court, in sustaining the several demurrers and in ordering portions of the former pleading to be stricken out, is not subject to review on this appeal, for the reason that they are not appealable orders. No exceptions were taken and no statement on appeal has been prepared, and these proceedings constitute no part of the judgment roll, which is the only record on this appeal. (*Sutter* v. *The City and County of San Francisco*, Oct. Term, 1868 ; *Harper* v. *Miner*, 27 Cal. 109 ; *Gilman* v. *Cosgrove*, 22 Cal. 357 ; *Seneca Co. Bank* v. *Garlinghouse*, 4 Howard, 174 ; *Kaff* v. *Barthana*, 1 E. D. Smith, 722 ; *Kanouse* v. *Martin*, 3 Sandf. 593 ; *People* v. *Parrott et al.* Jan. Term, 1868.)

Respondents maintain that no valid executory contract on the part of Mrs. Valencia is set out in the complaint which can be enforced in equity.

The agreement was made, and only exists partly in writing and partly in parol. It is alleged to be in writing on the part of Bates and others, and on the part of Mrs. Valencia her agreement was verbal.

Such a contract cannot be made or enforced. A contract cannot rest partly in *writing* and partly in *parol.* (Story's Eq. Sec. 767; *Parkhurst* v. *Van Cortlandt,* 1 John. Ch. 282.)

The complaint does not state facts sufficient to constitute a cause of action, or to entitle plaintiff to specify performance of the alleged contract set out in the complaint. The complaint does not show that the agreement was either certain in its terms, or fair and just, or that it was founded on an adequate consideration.

The plaintiff has no well grounded reason for calling upon a Court of equity to compel specific performance of an agreement, the terms of which are unknown to himself.

The Court will not make an agreement between the parties which they never made themselves, and then carry it into execution.

In *Alison* v. *Thompson* (2 Wheaton's Rep. 236; 4 Condensed Rep. 143), it was held, that in order to obtain a specific performance of contract, its terms should be so precise as that neither party can reasonably misunderstand them.

In *Kendall* v. *Almy et al.* (2 Sumner's Reports, 295), it was held, that there is no just ground to call upon a Court of equity to enforce a contract between the original parties themselves, where its terms are not clear, definite and positive. (*McMurtrie* v. *Bennett,* Harrington's Chancery R. 124; *Millard* v. *Ramsdill, Id.* 373; *Waters* v. *Brown,* 7 J. J. Marsh, 122; *Fitzpatrick* v. *Beaty,* 1 Gilman, 454; *Goodman* v. *Lyon,* 4 Porter's Ala. Rep. 299.)

In *Modisett* v. *Johnson* (2 Blackford's, 431), it is stated, that "no rule in equity is more clearly established than that upon an application for a specific performance of a contract, the Court must be satisfied that the claim is reasonable and

just, and the contract equal in all its parts." (*Beouck and wife* v. *Tucker et al.* October Term, 1868; *Dunlap* v. *Kelsey,* 5 Cal. 181; *Cooper* v. *Piña,* 21 Cal. 411.)

The complaint is also subject to the objection, that the action is to compel specific performance of a part of the contract and not the entire contract.

It is a principle well settled, that the Court will not compel specific performance, unless it can at the time execute the whole contract on both sides, or at least such part of it as the Court can ever be called on to perform.

It is the constant aim of a Court of equity to do complete justice, by deciding upon and settling the rights of all parties interested in the subject of the suit, so as to make the performance of the decree of the Court perfectly safe to those compelled to obey it, to prevent further litigation. (*Wilson* v. *Castro,* 31 Cal. 427; *Brinkerhoff* v. *Brown,* 6 Johnson, Ch. 154; *Jenkins* v. *Frink,* 30 Cal. 586; Secs. 13 and 14 Practice Act.)

*Campbell, Fox & Campbell,* for Respondent, Davis.

CROCKETT, J., delivered the opinion of the Court:

This is an appeal from a final judgment in favor of the defendants, rendered upon a demurrer to the amended complaint. The action was pending in the District Court for Contra Costa County, which is a portion of the Fifteenth Judicial District—which, also, embraces a portion of the City and County of San Francisco. The order sustaining the demurrer, appears on its face to have been signed by the Judge in San Francisco, and directs the Clerk of the District Court of Contra Costa County to enter it on the minutes. This mode of proceeding is especially authorized, in respect to that county, by a special Act of the Legislature, passed in 1864. (Statutes 1863–4, p. 498.) It is not denied, that the provisions of the Act were strictly pursued in this case; but it is claimed that the Act itself violates Sections 6 and 12 of Article VI of the Constitution, and is, therefore, void. The first of these sections defines the jurisdiction of

the District Courts—and Section 12 provides that the times and places of holding the terms of the several Courts of record shall be provided by law. The terms of the District Court for Contra Costa County, as fixed by law, are to commence on the third Tuesday of April, July and November, and the third Tuesday of July, 1868, was the twenty-first of the month. On that day, the final judgment in this case was entered in open Court, as we infer from the record. The judgment recites, that the demurrer was submitted at the April Term; was taken under advisement; and, on the 8th day of July, at the Court-room of the Court, in San Francisco, the Judge ordered the demurrer to be sustained; that the order was duly entered on the minutes; and that the plaintiff has failed to amend his complaint on the terms prescribed by the order; and, therefore, a final judgment was entered in open Court for the defendants. We do not perceive that the proceeding is open to any constitutional objections. The judgment is clearly valid—for, being entered in open Court in a cause of which the Court had jurisdiction, there can be no pretense for saying that the Court had not authority to render it. The judgment is itself an adjudication upon the demurrer; and it is only from the judgment, and not from the order sustaining the demurrer, that the plaintiff could appeal. We have repeatedly held, that an order sustaining or overruling a demurrer is not an appealable order; but, on an appeal from the judgment, the order may be reviewed in proper cases. We are not to be understood, however, as intimating a doubt as to the constitutionality of the special Act in question. We do not consider the question as properly before us in this case.

The action is to compel the specific performance of an alleged contract for the conveyance of real estate, and to restrain the enforcement of a judgment in ejectment, recovered by one of the defendants against a servant and agent of the plaintiff, who is in possession of the premises in contest. The complaint avers that the defendants, E. and S. Blum and Brown, took a conveyance from Valencia, with full notice of the plaintiffs' equities, and without having paid

any consideration therefor, and that the conveyance was intended to defraud the plaintiffs. The demurrer admits the truth of this averment; and the rights of these defendants against the plaintiff must, therefore, be deemed to be precisely those which Valencia could assert, and none other. They stand in her shoes, *pro hac vice*, and can make no defense which she could not have made, if the allegations of the complaint are true. The sole question, therefore, is, whether the complaint exhibits any grounds for equitable relief as against Valencia. The substance of the complaint is, that Valencia, claiming three leagues of land, under title derived from the Mexican Government, presented her claims to the Land Commission for confirmation; that the claim was rejected by the Commission; and, therefore, she applied to the firm of Bates, Lawrence & Hastings, and employed them to further prosecute the claim, until a final confirmation; that the terms of the contract were, that they were to prosecute the claim through the Courts at their own cost, and free of any expense to her; that they were to procure the witnesses and necessary documentary evidence at their own expense, pay the expenses of the survey, and upon the issuing of the patent, were to pay her the sum of $1,000 in cash; that, as a condition to the agreement, and to enable them to raise the necessary means to defray the expenses, she verbally agreed to convey to them an undivided half of the land, which, when partitioned, was to be so divided that the half set apart to her should embrace her improvements; and she further agreed to let them immediately into the possession of said undivided half; that one Davis and one Brady were associated with Bates, Lawrence & Hastings in the contract; but for what reason, does not appear, as it is not alleged what services, if any, they were to perform; that the agreement on the part of Bates, Lawrence & Hastings, Davis and Brady, was reduced to writing, and duly signed and delivered by them at the request of Valencia, and was then and afterwards acquiesced in by her, with a full knowledge of its contents; that the written contract was executed and acknowledged on her part, with full knowledge of its contents, by her son, acting as her attorney in fact, but without

authority in writing to execute the same, "whereby the same was not binding as a written instrument upon the said M. M. Valencia;" that on accepting said agreement and assenting thereto, she verbally agreed "that *when* they had performed their said contract with her, that then she would convey to them the said undivided one half of said rancho, and that in the meantime, and for the purpose of enabling them to raise money to defray the expenses of such litigation, she also, then and there, agreed forthwith to give to said Bates and associates possession of the said undivided one half of said rancho, in part performance of her said agreement to convey the same to them;" that the services to have been rendered by them were fully performed, and the conditions of the contract complied with on their part; that in pursuance of the verbal contract, Valencia, shortly thereafter, and before any services had been rendered by Bates, Lawrence & Hastings, and as a condition precedent to the performance thereof, put Davis, on behalf of himself and associates, into the possession of the undivided half of the land, in part performance of the verbal agreement; that after the possession had been so given, and in consequence thereof, they proceeded to perform, and did perform, the conditions on their part, paying out considerable sums of money in the expenses of the litigation, and, by their exertions, procured the claim to be finally confirmed in the year 1860; that they have caused an official survey of the land confirmed to be made by the United States Surveyor General for California; but the survey is not finally approved by the proper authorities, that the services rendered by Bates, Lawrence & Hastings, under the contract, were of the value of $8,000; that whilst Davis was in possession as one of the tenants in common, he made improvements on the property of the value of $1,000, with the express consent of Valencia, and with a knowledge on her part that they were made on the faith of her agreement to convey; that in 1856, the plaintiff acquired the interest of Bates & Lawrence in the contract and in the land, with the assent of Valencia, and was let into possession by her; and the plaintiff afterwards acquired the interest of Hastings; that he has made valuable and costly improvements on the

land on the faith of the foregoing transactions; that in 1856, he placed one Robertson in possession as his agent; that Valencia has conveyed to each of her children, by deed of gift, four hundred acres of land, amounting in the aggregate to three thousand two hundred acres, and has fraudulently conveyed the whole of the remainder, except four hundred acres, to the defendants, Blum and Brown, who took the conveyance with full notice of the plaintiff's equities, and paid no consideration therefor; that in 1861, Blum brought an action of ejectment against Robertson, and has recovered a judgment against him for the possession and for damages, and is about to evict him under a writ of restitution issued on the judgment. The prayer is, that the defendants, Blum and Brown, be decreed to convey to the plaintiff an undivided three tenths of the land, on the payment of $1,000, which is tendered by the plaintiff, and that they be perpetually enjoined from enforcing the judgment in ejectment. The action was commenced in July, 1864, and the only defendants are Valencia, E. and S. Blum, Brown and Davis.

The grounds of demurrer are : First — That the complaint does not state facts sufficient to constitute a cause of action. Second — A misjoinder of parties defendant, in that no relief is asked or can be granted against Davis or Valencia, who are not proper parties. Third — A defect of parties defendant, in this, to wit: that the children of Valencia, to whom portions of the land have been conveyed, are not made defendants. Fourth — That the complaint is ambiguous, unintelligible and uncertain. Fifth — That several causes of action have been improperly united.

Under the first and fourth grounds of demurrer the defendants insist that the complaint does not clearly and explicitly state what the contract was. On the contrary, they allege it to be wholly uncertain what the agreement, in fact, was, as it is set forth in the complaint. We see no way to escape the conclusion that these grounds of demurrer are well taken. In first describing the contract, as embodied in the written instrument signed by Bates, Lawrence, Hastings, Davis and Brady, the complaint avers that the $1,000 was to be paid by them on the final issuance of the patent, and

that, to enable them to raise the necessary means to defray the expenses of the litigation, Valencia verbally agreed to convey to them an undivided half of the land, and forthwith to let them into the possession. This cannot be otherwise interpreted than as an agreement to make the conveyance immediately, or at least within a reasonable time, on demand, in advance of the services to be rendered by Bates, Lawrence & Hastings. The sole object of the conveyance, indeed, is stated to be to enable them to raise the necessary means to carry on the litigation. It is not averred that the purpose of the conveyance was to compensate them for services to be rendered, but only to enable them to raise the necessary means to conduct the litigation. The natural inference is, that the conveyance was to be made immediately. In a subsequent part of the complaint is an averment that she verbally agreed at the time when the contract was made, "that when they had performed their said contract with her, that then she would convey to them the undivided one half of said rancho, and that in the meantime, and for the purpose of enabling them to raise money to defray the expenses of such litigation, she also then and there agreed forthwith to give to said Bates and associates the possession," etc., in part performance of her contract to convey. There is a substantial variance between these two statements of the terms of the contract. Under the first she was to convey immediately in advance of a performance by the other party, and for the purpose of enabling them to perform; whilst under the latter she was not to convey until the performance was complete, and it appears from the complaint that the conditions have not yet been fully performed, inasmuch as there has been a final, approved survey, and the patent has not issued.

No rule is more firmly established in Courts of equity than that in suits for specific performance; if the contract be vague and uncertain, the Court will not decree a performance, but will leave the party to his remedy at law. It must be so free from ambiguity as to leave no reasonable doubt of the intention of the parties. (*Blum* v. *Robertson*, 24 Cal. 127; *Morrison* v. *Rossignol*, 5 Cal. 64; *Minturn* v.

*Baylis,* 33 Cal. 129 ; Story Eq. Sec. 794 ; *Colson* v. *Thompson,* 2 Wheat. 336 ; *Kendall* v. *Almy,* 2 Sumn. 295.) On the face of this complaint it is impossible to decide whether the conveyance by Valencia was to be made immediately, or only upon a full performance of the conditions by the other party to the contract. If the latter be the true construction of it, she is not, as yet, under any obligation to convey, because there has not yet been a complete performance of the conditions.

Another well established rule in Courts of equity is, that in a suit for a specific performance, it must be affirmatively shown that the contract is fair and just, and that it would not be inequitable to enforce it. The Court will not lend its aid to enforce a contract which is in any respect unfair or savors of oppression, but in such cases will leave the party to his remedy at law. It is incumbent on the plaintiff, therefore, to state such facts as will enable the Court to decide whether the contract is of such a character that it would not be inequitable to enforce it. It is claimed that this complaint does not state such a case. The argument is, that no reason is shown why Davis and Brady were united in the contract, and were to be entitled to an interest in the land, inasmuch as they were to render no service, nor pay any consideration whatever. But the plaintiff does not claim under Davis and Brady ; and though this objection might well be urged, perhaps, if *they* were asking a specific performance, it is not perceived on what ground this could impair the rights of Bates, Lawrence & Hastings, now held by the plaintiff, nor render it inequitable to enforce the contract as to them. Nor are we prepared to say that it does not appear from the complaint that the contract was fair and just, and ought to be enforced. There is nothing from which we can infer that any fraud or imposition was practiced on Valencia, or that the contract was unconscionable or oppressive. Her claim had been rejected by the Land Commission, and she was in danger of losing the land altogether. It is alleged to have been wholly valueless and unavailable for the purpose of raising money to defray the expenses of further litigation, and, under these circumstances, we do not per-

ceive but that the contract was, on its face, fair and reasonable. It might, however, be held to be otherwise, if it should appear on the trial, from the evidence, that Valencia's title was reasonably free from doubt; that the services to be rendered by Bates, Lawrence & Hastings involved no great degree of labor or considerable expense; that the land was then of great value, and as the title then stood, that the part agreed to be conveyed bore no just proportion in value to the services to be rendered.

The third ground of demurrer, is also well taken. The children of Valencia ought to have been made parties defendant. The plaintiff is entitled, on his own showing, only to an undivided interest in the whole tract, and not to any specific parcel. He has not the right to elect to take his share of the whole out of that part which has been conveyed to these defendants to the exclusion of the portion conveyed to the children; nor has he the right, in a separate action against Blum and Brown, to compel them to convey to him three tenths, undivided, of the interest which they acquired from Valencia, leaving him to assert his right against the children in another action. There was but one contract and one cause of action under it, and this cannot be split up in several actions against several grantees, claiming under a common grantor. It must all be settled in one action, so that the rights of all the parties can be adjusted in one proceeding. The children ought, therefore, to have been made parties.

But the plaintiff claims that if not entitled to a specific performance of the contract, he is, at least, entitled to a perpetual injunction against the judgment in ejectment, on the ground that having received the possession from Valencia under the contract, and being rightfully in possession, he ought not to be disturbed. But the answer is, that this defense ought to have been made in the action at law. If available at all, it could have been as well set up as a legal defense, and tried in that action as in this; and there is no ground for the assumption that it is a basis for equitable relief, as contradistinguished from a defense at law. If the plaintiff in the action of ejectment was not entitled to the

possession, by reason of the facts alleged in this complaint, those facts ought to have been proved on the trial, as a defense to the action. If not proved, that fact affords no ground for equitable relief.

Judgment affirmed.