## THE UNION PACIFIC RAILWAY COMPANY v. THE BARNARD & LEAS MANUFACTURING COMPANY.

CONTRACT OF SALE OF LAND—*Interest of Wife—Specific Performance.* In this state, a wife, during the life of her husband, has an inchoate interest in all the real estate in which her husband has a legal or equitable interest, including real estate which her husband holds under a contract of sale; and an assignment of such contract by the husband alone, when the wife, at the time of such assignment, is a resident of this state, does not divest her of such interest; and the assignee of such contract so assigned cannot maintain an action against the vendor to compel the specific performance of such contract by the execution of a warranty deed conveying to such assignee the absolute fee simple title to the land contracted to be conveyed.

MEMORANDAUM.—Error from Clay district court; R. B. SPILMAN, judge. Action by the Barnard & Leas Manufacturing Company against the Union Pacific Railway Company. Judgment for the plaintiff. The defendant company brings the case to this court.

Reversed. The nature of the action and the facts are stated in the opinion, filed July 6, 1895.

*A. L. Williams, N. H. Loomis,* and *H. F. Williams,* for plaintiff in error.

*F. P. Harkness,* and *A. A. Godard,* for defendant in error.

The opinion of the court was delivered by

CLARK, J.: The record in this case discloses that on December 4, 1883, the plaintiff in error entered into a written contract with one Harry E. Jaeckel, whereby it agreed to cause to be made and executed unto the said Jaeckel, his heirs or assigns, a deed conveying certain real estate therein described, with the ordinary covenants of warranty, upon the payment of the purchase-price thereof, to-wit, the sum of $864, payable, $172.80, cash in hand, and the balance in six equal annual payments. At the time the contract was executed, the cash payment thereunder was made by Jaeckel, and subsequently, all the right, title, interest and claim in and to the contract and the land therein described, was successively sold, assigned, and transfered from Jaeckel to J. L. Brandt, from Brandt to Christ Kotha, from Kotha to F. A. Head, and from Head to the Barnard & Leas Manufacturing Company, their respective heirs and assigns. In each of these transactions the assignment was in writing, indorsed upon the original contract, duly acknowl-edged, and the contract, with the assignment thereon, delivered to the assignee. On or about the 4th day of December, 1889, the Barnard & Leas Manufacturing Company made the last payment due upon the contract, and tendered and offered to surrender the contract to the railway company, and demanded a

conveyance of the premises to it according to the terms of the contract, but the railway company refused to execute and deliver such conveyance; whereupon, the defendant in error, on the 31st day of July, 1890, brought this action in the district court of Clay county, making the plaintiff in error the only defendant, and asked that the railway company be decreed to convey the premises described in the contract to the plaintiff by a good and sufficient deed according to its terms.   A copy of the original contract, with all of the assignments indorsed thereon, was attached to and made a part of the petition.   The defendant filed its motion alleging that the intermediate grantors or assignors, together with their wives, each claimed to have some title to or interest in the land mentioned in the petition, and that they were necessary parties to the suit, and asked the court that they may be made parties defendant in the action.   Upon the hearing of the motion, the evidence disclosed the fact that Christ Kotha, one of the intermediate assignors was, at the time of the execution of the assignment of the contract by him, a married man, and that his wife, Christina, refused to convey her contingent interest in the real estate in dispute without the payment of a money consideration therefor, but the court overruled the motion.   The defendant answered, admitting the making and execution of the contract as alleged in the petition, and compliance with the terms of the contract as to the payment of all sums of money due thereunder, but alleging, among other things, that the assignment of the original contract by Kotha to Head was irregular in that the assignment was not executed jointly by Kotha and his wife, Christina, and that she now claims to have an interest in said land. The defendant also disclaimed having any right, title

or interest in the land, and offered to make a deed thereto in accordance with the terms of the contract as soon as the proper assignments of said contract were proven. To this answer the plaintiff filed a reply, denying each and every allegation therein contained. The cause was tried before the court, with the consent of the parties to the action, upon the following agreed statement of facts :

"It is agreed by the parties hereto, as the facts in this cause, for the purposes of trial, that the contract mentioned in the plaintiff's petition was executed as therein stated; that all the assignments of said contract were made as appears by the copy of the contract attached to plaintiff's petition; that at the time of the several assignments, the assignors were all unmarried men, except Christ Kotha, who was married, and his wife, Christina, did not join in the execution of the assignment; that said Christina Kotha has refused and does refuse to join in a quitclaim deed or other conveyance or assignment of her right to the said land, as the wife of said Christ Kotha; that said land was not the homestead of any of the assignors, and they had no other or further title thereto than was vested in them by said contract; that defendant has offered and is willing to convey said land at any time a proper assignment is joined in by the wife or wives of each of said assignors in the contract who was married at the time of making the several assignments thereof."

The court found for the plaintiff, and rendered judgment, decreeing that the defendant, within 30 days from that date, execute and deliver to the plaintiff a good and sufficient deed with covenants of general warranty conveying the premises described in the petition to the plaintiff, in fee simple, and in default thereof, that the sheriff of the county execute such deed to the plaintiff.

The defendant, as plaintiff in error, alleges error in

overruling its motion for a new trial, and overruling its motion to have Mrs. Kotha made a party defendant, and alleges that the finding and judgment of the court are contrary to law and to the evidence ; that the finding and judgment should have been for the defendant, and that various errors of law occurred at the trial which were duly excepted to by the defendant, and these questions are properly presented to this court for review.

Paragraph 2599 of the General Statutes of 1889 reads as follows :

"One-half in value of all the real estate in which the husband, at any time during the marriage, had a legal or equitable interest, which has not been sold on execution or other judicial sale, and not necessary for the payment of debts, and of which the wife has made no conveyance, shall, under the direction of the probate court, be set apart by the executor as her property, in fee simple, upon the death of the husband, if she survives him : *Provided*, That the wife shall not be entitled to any interest, under the provisions of this section, in any land to which the husband has made a conveyance, when the wife, at the time of the conveyance, is not or never has been a resident of this state."

Under the statutes above quoted, the wife, if she survive her husband, is entitled to one-half in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest which had not been sold on execution or other judicial sale, and not necessary for the payment of debts, and of which the wife had made no conveyance. That Christ Kotha had, prior to the assignment by him, at least an equitable interest in the land, there can be no question. In *Comm'rs of Douglas Co. v. Railway Co.*, 5 Kas. 615, it is stated that —

"Equity generally considers that when land is sold

on credit, and the deed is to be made when the purchase-money is paid, the land, at the time the sale is made, becomes the vendee's, and the purchase-money the vendor's; that the vendor becomes at once the trustee of the vendee with respect to the land, and the vendee the trustee of the vendor with respect to the purchase-money."

It has also been held that a bond for a deed of land transfers the title in equity to the purchaser, the obligor holding the legal title for the security. (*Burkhart v. Howard,* 12 Pac. Rep. 79; *Alpers v. Knight,* 8 id. 446; *Taylor v. Holmes,* 14 Fed. Rep. 498. It was said in *Busenbark v. Busenbark,* 33 Kas. 572:

"While the wife's right and interest in the real estate of her husband, not occupied by the family as a homestead, is inchoate and uncertain, yet it possesses the element of property to such a degree that she may maintain an action during the life of her husband to prevent its wrongful alienation or disposition under fraudulent judgments procured and consented to by the husband, with the object and for the purpose of defeating the wife's right."

Our supreme court has also held, in *Green v. Green,* 34 Kas. 740, that deeds executed by the wife, just on the eve of her marriage, to her daughters by a former marriage, without a valuable consideration, and without the knowledge or consent of her intended husband, were in fraud of his rights, and that he might maintain an action during the life of his wife to set such deeds aside and have them declared invalid. In *Munger v. Baldridge,* 41 Kas. 236, it is said that "the interest of the wife in the real estate of her husband during marriage is a contingent one, it is true, but it is unquestionably property, and no reason has been advanced why she may not empower the husband to act for her, and, in conjunction with him-

self, convey it away." The court, speaking through
JOHNSTON, J., says, in *Buffington v. Grosvenor*, 46 Kas.
735 :

"If there was an attempt to convey by the hus-
band alone, when his wife was a resident, the title
would remain in her, because the manner of convey-
ing land prescribed by statute had not been pursued ;
and if there was no judicial sale of the land and it
was not necessary for the payment of debts, a one-
half interest would descend to her."

Though the wife has, under our statute, no actual
estate, during the life of her husband, in real estate
belonging to him, yet she has an interest therein and
a right of which she cannot be divested, except in the
manner prescribed by the statute. It is such an in-
terest as the law recognizes as the subject of convey-
ance by deed. She may not survive her husband,
or the real estate may be sold on execution or other
judicial sale, or it may be necessary for the payment
of debts, in which event the estate would never vest
in her, yet this interest is a valuable one, and may be
sold, conveyed or released for a valuable consideration ;
and the law, treating it as valuable and as an existing
incumbrance on the land, has provided the manner in
which it may be conveyed or released. Christ Kotha
having at least an equitable interest in the land in
controversy, it seems clear, under our statutes and the
decisions of our supreme court, that an assignment of
the contract by him alone would not carry with it the
contingent or inchoate interest of his wife in the real
estate which was the subject of the contract. See
authorities above cited, and *Overman v. Hathaway*, 29
Kas. 434, where VALENTINE, J., says :

"It is true that her interest in such land was only
contingent and inchoate ; but still it was an interest
which might at some time become absolute and com-

plete. Her interest, we think, was undoubtedly suffi-
cient to enable her to sue or be sued with reference
thereto.''

It appears that Mrs. Kotha is claiming an interest
in the subject-matter of the controversy, and that in-
terest was fully disclosed both by the motion and
answer of the· railway company and by the agreed
statement of facts upon which this case was tried in
the court below. As she has an interest therein ad-
verse to the plaintiff below, the rights of each growing
out of the original contract between the railway. com-
pany and Jaeckel, she was, at least, a proper if not a
necessary party to the action. There was but one con-
tract entered into by the railway company, and there
was but one cause of action under it, and the entire
controversy should have been settled in one action and
the rights of all parties interested therein adjusted in
the one proceeding. (*Allison v. Shilling*, 27 Tex. 450 ;
*Huffman v. Cartwright*, 44 id. 301 ; *Agard v. Valencia*,
39 Cal. 292 ; Pom. Contr. 545 ; Story, Eq. Pl., §§ 72,
138, 139, 153 ; *Kimball v. Connor*, 3 Kas. 414 ; *Scar-
borough v. Smith*, 18 id. 407 ; *Railroad Co. v. Benton*,
42 id. 698.) If the plaintiff below objected to having
Mrs. Kotha made a party defendant, and it would
have been satisfied with such a title as the railroad
company could give, it should have been content with
a decree for the conveyance of the premises to it in
fee simple by or from the railway company, with
covenants of general warranty subject to the incho-
ate interest therein of Mrs. Kotha. (Story, Eq. Pl.,
§ 139.) Of such a decree the plaintiff in error could
have no cause to complain. The railway company
could safely make such a deed without being sub-
jected to the annoyance and expense of litigation, or
the possibility of future liability under its covenants

of warranty, leaving the parties interested to litigate their respective claims to the premises conveyed in some future action, should Mrs. Kotha outlive her husband.

Defendant in error contends that the railway company did not claim in the court below, nor does it anywhere appear, that Mrs. Kotha was ever a resident of Kansas, and that the railway company did not ask or demand that the rights of Mrs. Kotha be saved by the decree of the court. In answer to this contention, it is only necessary to say that the railway company, both by motion and answer, insisted that she be brought into court in order that her rights might be ascertained, and the railway company be fully protected from further litigation growing out of this contract of sale. It did not devolve upon the railway company to establish the fact as to whether or not Mrs. Kotha was a resident of this state at the time of the assignment of the contract by her husband, or as to whether or not she had ever been a resident of the state prior thereto. The plaintiff below was demanding all that Jaeckel would have been entitled to had not the contract been assigned by him, and he had complied with all the conditions precedent on his part. Before the railway company can be compelled to execute and deliver to the defendant in error a deed with covenants of general warranty conveying the premises, in fee simple, the defendant in error must establish its right to such a conveyance. The plaintiff below claimed title through a conveyance from Christ Kotha, and the wife of the latter had not conveyed her interest in the land ; hence, the plaintiff below failed in its proof, and was not entitled to the decree that was entered in this case.

Specific performance has been defined as " an

equitable remedy which compels the performance of a contract in the precise terms agreed upon, or such a substantial performance as will do justice between the parties under the circumstances of the case.'' (22 Am. & Eng. Encyc. of Law, 909.) Does the decree in this case do justice between the parties to this action? Was the plaintiff below, under the evidence in this case, entitled to all the rights which Jaeckel had under this contract, notwithstanding the refusal of Mrs. Kotha to convey her interest in the real estate in controversy? This court does not think so.

The judgment of the court below will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.