[L. A. No. 2090. Department One.—July 1, 1908.]

EMIL KAISER, Appellant, v. U. M. BARRON, Respondent.

SPECIFIC PERFORMANCE—ADEQUACY OF CONSIDERATION—FAIRNESS OF CONTRACT—PLEADING—FINDING.—Specific performance of a contract for the conveyance of land cannot be had by a vendee where it is neither alleged nor proved that the vendor had received an adequate consideration for the contract, and that as to him it was just and reasonable, nor that facts exist which would justify the inference that such conditions existed. In the absence of such allegation and proof, a finding that the contract was fair and reasonable will not sustain a judgment decreeing specific performance.

APPEAL from a judgment of the Superior Court of Orange County.   J. W. Taggart, Judge presiding.

The facts are stated in the opinion of the court.

F. C. Spencer, for Appellant.

Charles S. McKelvey, for Respondent.

SLOSS, J.—This is an action of ejectment brought by plaintiff to recover the possession of the south ten acres of a twenty-five-acre tract of land in Orange County.   The defendant answered, denying plaintiff's ownership and right of possession, and filed a cross-complaint, in which he sought a decree specifically enforcing the performance of a contract between himself and one Sisson, plaintiff's predecessor in interest, for the conveyance by Sisson to defendant of the ten-acre parcel in dispute.   It is alleged that plaintiff bought subject to this contract, and that its terms have been fully performed on defendant's part.

The court made findings in accordance with the allegations of the cross-complaint, and entered a judgment denying the plaintiff any relief, and requiring him to execute a deed conveying to the defendant the ten acres in controversy.   The plaintiff appeals from the judgment.

In a prior action between the same parties the plaintiff sued to quiet his title to the twenty-five acres, of which the property here involved is a part.   The judgment there rendered in favor of defendant was reversed by this court.   (*Kaiser* v. *Barron, ante,* p. 474, [95 Pac. 879].)   The defense in that case was based upon the contract here sought to be specifically enforced. The substance of that contract, as stated in the opinion in the earlier appeal was "that defendant would plant the northern fifteen acres (of the twenty-five-acre tract) in walnut trees, and would nurture and care for them until the first day of January, 1906, at which time, defendant having fulfilled the conditions of his contract, plaintiff's predecessor in interest agreed to convey to him the southerly ten acres."   These terms appear to have been modified by the parties in a manner which is not material to this discussion.

No answer can be made to the appellant's contention that the defendant (cross-complainant) failed to establish a right

to specific relief in that he did not allege or prove that the plaintiff had received an adequate consideration for the contract, or that it was as to him just and reasonable. (Civ. Code, sec. 3391.) The cross-complaint does not allege in general terms the adequacy of the consideration or the fairness of the contract, nor does it set forth facts which would justify the inference that these conditions existed. There is no allegation of the value of the ten acres agreed to be conveyed, or of the value of the services to be performed as a consideration for the conveyance, nor is there any proof on these subjects.

That such allegation and proof are prerequisites to the granting of a decree of specific performance is thoroughly settled. "A court of equity must be satisfied that the claim for a deed is fair and just and reasonable, and the contract equal in all its parts, and founded upon an adequate consideration, before it will interpose this extraordinary assistance." (*Bruck* v. *Tucker,* 42 Cal. 354; see, also, *Agard* v. *Valencia,* 39 Cal. 302; *Nicholson* v. *Tarpey,* 70 Cal. 609, [12 Pac. 778]; *Morrill* v. *Everson,* 77 Cal. 114, [19 Pac. 190]; *Windsor* v. *Miner,* 124 Cal. 492, [57 Pac. 386]; *Prince* v. *Lamb,* 128 Cal. 120, [60 Pac. 689]; *Stiles* v. *Cain,* 134 Cal. 170, [66 Pac. 231].) In *White* v. *Sage,* 149 Cal. 613, [87 Pac. 193], the court, after citing these cases, said that "there must be a showing of the value, at least, so that the court can determine whether it was in reasonable proportion to the price to be paid, or of other facts which are sufficient to satisfy the court that the contract is just and reasonable to the buyer in all its material elements."

It is true that the court made a finding that "the terms and conditions of said contract and the consideration therefor were fair and reasonable." But this finding, regardless of the fact that it is without the issues, is not supported by any evidence.

The plaintiff's demurrer to the cross-complaint should, therefore, have been sustained. It will not be necessary to consider other points made by appellant.

The judgment is reversed with directions to the court below to sustain the demurrer to the amended cross-complaint and for further proceedings.

Angellotti, J., and Shaw, J., concurred.