[Sac. No. 1876.   Department Two.—June 3, 1911.]

## SUNRISE LAND COMPANY (a Corporation), Respondent, v. ABBIE J. ROOT, Appellant.

Specific Performance—Appeal from Judgment—Diminution of Record—Insertion of New Allegation in Complaint not Allowable—Opinion of Trial Judge—Evidence.—On an appeal by the defendant from a judgment decreeing the specific performance of a contract for the sale of land, and taken on the judgment-roll alone, in which the parties have stipulated to the correctness of the record, the supreme court, on suggestion of diminution of the record, has no power to permit allegations to be inserted in the complaint, which were never a part thereof, respecting the reasonableness of the contract and the adequacy of the consideration received by the defendant; nor can it consider statements respecting such matters contained either in the opinion of the trial court, or in excerpts from the evidence.

Id.—Complaint Must Allege Adequacy of Consideration.—A complaint for the specific performance of a contract for the sale of land must allege the adequacy of the consideration received by the defendant. A mere allegation that the contract was in writing and that the sale was "legally and fairly" made is insufficient.

APPEAL from a judgment of the Superior Court of Stanislaus County.   L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

Maddux & Maddux, and D. M. Young, for Appellant.

L. L. Dennett, E. H. Zion, and J. M. Walthall, for Respondent.

MELVIN, J.—Plaintiff brought an equitable action to enforce the specific performance of a contract for the sale of 840 acres of land in Stanislaus County, at one hundred dollars per acre.   This contract was made by plaintiff and Messrs. Root & Saunders (co-partners), alleged in the complaint to be defendant's duly authorized agents for the sale of the land, the written agreement between defendant and the said co-partnership granting the latter full power to contract for the

sale of any or all of the land described in the complaint, being made a part of the pleading. Defendant demurred to the complaint; her demurrer was overruled; and after she had answered, the case was tried on its merits, with the result that judgment was rendered in favor of plaintiff, decreeing specific performance of the contract. From this judgment defendant appealed on the judgment-roll alone, the record being authenticated by stipulation of counsel that it correctly set forth the complaint, demurrer, proceedings of argument on demurrer, minute order overruling defendant's demurrer to the complaint, etc. Appellant filed her points and authorities, resting her appeal upon the single contention that her demurrer should have been sustained because of want of sufficient facts in the allegations of the complaint, and it is pointed out in the brief of her attorneys that said complaint fails to allege that defendant received an adequate consideration for the contract, or that it was as to her just and reasonable. Thereafter, plaintiff filed a document entitled "Suggestion of diminution of record," asking permission to insert at the proper places in the complaint an allegation respecting the reasonableness of the contract and adequacy of consideration, which would meet the point made in appellant's brief. This amendment was sought for the reason, as stated by one of plaintiff's counsel in an affidavit accompanying the "Suggestion of diminution of record," "that the said allegation in the complaint was inadvertently omitted and the findings inadvertently made to follow the complaint, and the point was never raised that such allegations were omitted, but on the other hand, the case was tried by the court and the evidence was introduced without objection showing the reasonableness of the consideration and that the complaint was amended by implication and the first time that the point was ever raised specifically by the defendant was on her brief on appeal herein." This document also presents the written opinion of the judge of the superior court who tried the case, and certain extracts from the testimony at the trial. Respondent seeks to utilize part of this opinion as a finding upon the adequacy of consideration, and to show by the selected portions of the testimony that this matter was thoroughly tried in the action. We have no power to correct a record by inserting allegations in the complaint which were never there, and cannot, of course, receive respondent's sug-

gestion that such averments be supplied after an appeal in which its attorneys stipulate to the correctness of a record containing no such allegations. By such action we would deprive defendant not only of her right to answer, but of the privilege of meeting, perhaps, by sufficient proof, statements which, under the condition of the record at the trial, she was not called upon to controvert. Neither can we consider the opinion of the learned judge of the trial court in lieu of a finding, even if we should ignore the appellant's suggestion that such opinion cannot be part of the record of an appeal on the judgment-roll alone, because such finding, in the absence of the proper allegation in the complaint, would be without the issues. (*Kaiser* v. *Barron,* 153 Cal. 790, [96 Pac. 806].) The excerpts from the evidence have no place here because there is no bill of exceptions. We must, therefore, of course, consider the case in the light of the original record. Respondent contends that there was sufficient allegation and finding of adequacy of consideration because a written contract was alleged and the court found that the sale was "legally and fairly" made. While it is not necessary that, to conform to the requirements of section 3391 of the Civil Code, it must be alleged in the complaint and found by the court *in haec verba* that "the contract was supported by an adequate consideration" (*Wait* v. *Kern River Mining etc. Co.,* 157 Cal. 25, [106 Pac. 102]), nevertheless the complaint and findings in this case fall far short of the measure long established by courts of equity. A sale might be "legally" made in that an agent had power to bind his principal, and while it might be "fairly" conducted in respect to full disclosure to the purchaser of all of the matters pertaining to the property, yet the consideration might be so inadequate as to shock the conscience of the chancellor. As was said by the chancellor in *Seymour* v. *Delancey,* 6 Johns. Ch. (N. Y.) 225, (language quoted more than once by this court) : "A court of equity must be satisfied that the claim for a deed is fair and just, and reasonable, and the contract equal in all its parts, and founded on an adequate consideration, before it will interpose with this extraordinary assistance." As the complaint failed to set up the adequacy of the consideration, the demurrer should have been sustained. (Civ. Code, sec. 3391; *Kaiser* v. *Barron,* 153 Cal. 790, [96 Pac. 806] ; *White* v. *Sage,* 149 Cal. 614, [87 Pac. 193] ; *Stiles*

CLX Cal.—7

v. *Cain,* 134 Cal. 171, [66 Pac. 231]; *Bruck* v. *Tucker,* 42 Cal. 354; *Agard* v. *Valencia,* 39 Cal. 302.)

There is nothing in respondent's point that inasmuch as the co-partners had done much work in negotiating for the sale of land, the contract was partly executed, and therefore its adequacy not a matter subject to inquiry. The agents are not parties to this action and their contract with appellant is not in issue here.

The judgment is reversed, with instructions to the court below to sustain defendant's demurrer.

Henshaw, J., and Lorigan, J., concurred.