ABBOTT et al. v. UNDERWOOD.†

(Circuit Court of Appeals, Eighth Circuit. July 16, 1914.)

No. 4114.

1. APPEAL AND ERROR (§ 1022\*) — REVIEW — PRESUMPTIONS — REFERENCE BY CONSENT—FINDINGS OF MASTER.

On a reference by consent of the parties, the findings of fact made by the master, especially when approved by the district judge, are at least presumptively correct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4015–4018; Dec. Dig. § 1022.\*]

2. DESCENT AND DISTRIBUTION (§ 52\*)—REALTY OF WIFE—CONTRACTS TO CONVEY—RIGHTS OF SURVIVING HUSBAND.

Under Gen. St. Kan. 1909, §§ 2942, 2961, which provide that on the death of a husband his wife, if she is or has been a resident of the state, shall

be entitled in fee simple to one-half of all the real estate owned by the husband at any time during the marriage to which she has made no conveyance, and that the husband shall be entitled to the same rights and estate in the property of his deceased wife, an executory contract by a wife to sell land owned by her, in which her husband did not join, cannot be specifically enforced by the purchaser after her death as to the one-half of the land which then became the property of the husband.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 83, 135–140, 144, 147–149, 151–158, 161–167, 169–171, 296–308; Dec. Dig. § 52.*]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit in equity by L. H. Underwood against Linus Abbott and others. Decree for complainant, and defendants appeal. Reversed.

The appellee, who will be referred to herein as the plaintiff, instituted an action for specific performance against the surviving husband and the children of Harriet L. Abbott, deceased. The material allegations in the bill are that about September 20, 1899, plaintiff's sister, Harriet L. Abbott, now deceased, who was the owner of the 80 acres of land in the state of Kansas in controversy herein, agreed in writing to sell the same to him for the sum of $600, payable, $200 in two years or less, and the balance of $400 to be paid at a later date, with 6 per cent. interest thereon; that in pursuance of that contract the plaintiff took possession of said land, which was then uncultivated, with no improvements thereon, moved his family on it, and made valuable improvements, and has since then continuously occupied the same with his family as his homestead; that owing to a failure of crops he was unable to make the first payment of $200 when it became due, but by agreement with his sister the time was extended, he paying the interest on the purchase money and the taxes on the land at all times since 1899; that after Mrs. Abbott's death he paid the interest to her surviving husband, the defendant Linus Abbott, and also made other payments to him, which he refused to accept as payments on the land, and repudiated the contract of his wife. A tender of $600 was made by the plaintiff with his bill with a prayer for specific performance. The defendant, Linus Abbott, for himself, and also as guardian ad litem for his children, who were minors, filed an answer, denying that there was any contract of purchase and sale made by his deceased wife, but that the plaintiff was simply in possession of the land as a tenant of his deceased wife, and asked that the bill be dismissed. After the issues had been made up, a written stipulation was entered into by the parties, for the appointment of a special master to hear the evidence and report to the court his findings of facts and recommend respecting the decree to be entered. The master filed a lengthy report, finding as facts that the transaction between the plaintiff and his sister, Harriet L. Abbott, constituted a contract of purchase and sale of the land in controversy; that plaintiff, in pursuance of that contract, took possession of the land with his family, making it his homestead; that he made valuable improvements thereon, exceeding in value $1,000; that he paid the taxes on the land ever since; that he had paid $200 on the purchase price after the death of Mrs. Abbott, and afterwards sent $120, which Mr. Abbott refused to accept as payment on the land, and recommended that the court grant the prayer of the plaintiff upon his depositing in the registry of the court, for the benefit of the defendants, the sum of $835.25, which he found was the unpaid balance of the purchase price, with the interest thereon up to that time. Exceptions to the findings of facts and the recommendation for the decree were filed by the defendants, but overruled by the court, and a decree entered in accordance with the recommendation of the master, from which this appeal was taken.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Eugene S. Quinton, of Topeka, Kan., and J. L. Travers, of Osborne, Kan., for appellants.

A. M. Harvey and J. E. Addington, both of Topeka, Kan. (W. E. Mahin, of Osborne, Kan., of counsel), for appellee.

Before SANBORN, Circuit Judge, and TRIEBER and REED, District Judges.

TRIEBER, District Judge (after stating the facts as above). [1] As the reference to the master was by consent of the parties, the findings of facts made by the master, especially when approved by the district judge, are at least presumptively right. Kimberley v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Crawford v. Neal, 144 U. S. 585, 596, 12 Sup. Ct. 759, 36 L. Ed. 552; Davis v. Schwartz, 155 U. S. 631, 637, 15 Sup. Ct. 237, 39 L. Ed. 289.

[2] But we find that the master, as well as the learned trial judge, overlooked a very important question of law. From the findings of the master it appears that the Abbotts were married at the time the contract of sale was made, and at one time were residents of the state of Kansas. The Statutes of Kansas 1909, on the subject of the lands of the husband and wife, provide:

Section 2942:

"One-half in value of all the real estate in which the husband, at any time during the marriage, had a legal or equitable interest, which has not been sold on execution or other judicial sale, and not necessary for the payment of debts, and of which the wife has made no conveyance, shall, under the direction of the probate court, be set apart by the executor as her property, in fee simple, upon the death of the husband, if she survives him: Provided, that the wife shall not be entitled to any interest, under the provisions of this section, in any land to which the husband has made a conveyance, when the wife, at the time of the conveyance, is not or never has been a resident of this state."

Section 2961:

"All the provisions hereinbefore made in relation to the widow of a deceased husband shall be applicable to the husband of a deceased wife. Each is entitled to the same rights or portion in the estate of the other, and like interests shall in the same manner descend to their respective heirs. The estates of dower and by curtesy are abolished."

In construing these sections the Supreme Court of Kansas in Kennedy v. Haskell, 67 Kan. 612, 73 Pac. 913, held that the word "or" in the last sentence of section 2942 should be read as "and," and if the survivor has ever been a resident of the state he or she is entitled to the benefits of the statute.

In Union Pac. Ry. Co. v. Barnard & Leas Mfg. Co., 1 Kan. App. 23, 41 Pac. 201, it was held that unless the wife joins in a contract of sale, her rights under that statute are not divested.

The evidence fails to show that the defendant Linus Abbott, the husband of Harriet L. Abbott, at the time this contract was made by her, joined in the contract of sale. In fact, it appears conclusively that he did not. Therefore his interest in the land was, under the statutes of Kansas, inchoate while the wife lived, and became absolute upon her death and his survival. The interest of the husband, in case

he survives his wife, is not as that of an heir, but as husband. Flanigan v. Waters, 57 Kan. 18, 20, 45 Pac. 56. From this it follows that the court erred in decreeing specific performance for the undivided half interest of Linus Abbott. The decree as to the children of Harriet L. Abbott, who took only as her heirs, is correct, and should be affirmed.

As the plaintiff receives only one-half of the land which he contracted for, it would be inequitable to compel him to pay to the heirs of Mrs. Abbott the full amount of the purchase money. The decree should therefore be modified, with instructions to the court below to ascertain what one-half of the agreed purchase price with interest thereon amounts to, and, upon payment thereof into the registry of the court for the benefit of the children, that the children be divested of all their right, title, and interest in and to the land in controversy, and that the same be vested in the plaintiff.

As to the undivided one-half interest of Linus Abbott, he is entitled to one-half of the reasonable yearly rents and profits of the land, with interest thereon since he became the owner thereof by the death of his wife. But he should be charged with one-half of the taxes paid on the land by the plaintiff, with interest thereon since the death of Mrs. Abbott, and also one-half of the value of the permanent improvements made by the plaintiff on the land. The latter should be ascertained by the increased value of the land at the time of the decree by reason of the improvements made by the plaintiff under his contract of purchase. The costs of this court will be divided, each party paying one-half.

The cause is reversed and remanded, with directions to proceed in conformity with the views herein expressed.