[Civ. No. 1628.   Third Appellate District.—February 12, 1917.]

## FRANK R. PORTER, Appellant, v. LIEU ELLEN STOCK-DALE et al., Respondents.

SPECIFIC PERFORMANCE—CONTRACT TO CONVEY LAND—ADEQUACY OF CON-
    SIDERATION—BURDEN OF PROOF.—In an action for specific perform-
    ance of an agreement to convey land it is the duty of the plaintiff
    to prove the adequacy of the consideration for the contract.

ID.—CONSTRUCTION OF CODE—DISTINCT GROUND FOR GRANTING RELIEF.—
    In view of the provisions of section 3391 of the Civil Code, the
    adequacy of the consideration for the contract is a distinct and inde-
    pendent ground for granting specific performance, and it must be
    proved, or the relief will not be granted.

APPEAL from a judgment of the Superior Court of
Nevada County, and from an order denying a new trial.
George L. Jones, Judge.

The facts are stated in the opinion of the court.

John Mulroy, Frank K. Pittman, and H. H. Eaton, for
Appellant.

Hennessy & Peterson, for Respondents.

BURNETT, J.—The action is for specific performance of
an agreement to convey certain placer mining land in Nevada
County.

After plaintiff had introduced his evidence at the trial a
motion for nonsuit was made upon the grounds that the com-
plaint failed to state a cause of action; that the plaintiff was
barred by his laches in making tender of payment more than
three years and five months after the third payment in his
contract became due and more than two years and five
months after the fourth payment became due; that time
was of the essence of the contract, and therefore plaintiff
could not recover; that the delay in making his tender con-
stituted laches from the very nature of the land, it being
mining property; that plaintiff had failed to prove the value
of the land, and that he had not shown that the sum of
seven hundred dollars, as set forth and mentioned in the con-
tract sued upon, was and is a fair and adequate considera-

tion and price for the land therein described. The court held that time is an essential feature in contracts relating to the sale and purchase of mining property, and that, since the tender of payments was made long after they became due, the plaintiff was barred by his laches, and, furthermore, that plaintiff had failed to prove an adequate consideration or whether it was fair and equitable. A motion for a new trial was made and denied, and the appeal is from that order and the judgment of nonsuit.

It is to be observed that appellant seems to have been rather indifferent to the view of the trial court as to the adequacy of the consideration, it appearing that in his assignment of his reasons for excepting to the ruling there is no allusion whatever to this ground, although the court had made it very emphatic, stating, "further than that, it seems to me, even if the court should hold against the defendant upon the ground of inexcusable delay and laches, there is no showing before the court which would enable the court to say what is the value of the land, or whether the compensation agreed upon is fair and equitable. . . . It is an action in equity and that is one of the essential factors that the compensation is fair and reasonable." We notice, also, that in the assignments of error there is the same omission, and the opening brief of appellant is entirely silent on the subject. Nevertheless, the question is of vital importance in this state. The statute itself is clear and the decisions applying and enforcing it numerous and conclusive. We may notice a few of these.

In *Morrill* v. *Everson,* 77 Cal. 115, [19 Pac. 190], it is said: "Before the code, the preponderance of authority was, that mere inadequacy of consideration, not amounting to evidence of fraud, was not ground for refusing specific performance. (Pomeroy on Specific Performance, sec. 194.) But the Civil Code contains the following provision: 'Sec. 3391. Specific performance cannot be enforced against a party to a contract in any of the following cases: 1. If he has not received an adequate consideration for the contract; 2. If it is not, as to him, just and reasonable.' Here the inadequacy of consideration seems to be mentioned as a distinct ground from the injustice and unreasonableness; and the provision seems to be explicit and absolute. We do not doubt that

the point of time to which the question of adequacy must relate is the time of the formation of the contract."

In *Windsor* v. *Miner,* 124 Cal. 492, [57 Pac. 386], the appeal was from an order denying the motion for nonsuit and, in reversing it, the court said: "Specific performance is an equitable remedy, and it is incumbent upon the plaintiff in any action of this character to show both in the averments of his pleading and in the evidence at the trial that he is entitled to the equitable relief which he seeks. In the absence of any averment or evidence as to the value of the land involved in the controversy, either as to the whole of it or as to any portion of it, with nothing stated upon which to base any estimate of the value or worth of the option and privilege to purchase, how is the court to determine whether defendants have received an adequate consideration or whether the contract is as to them just and reasonable? . . . It may be that the land is worth five hundred dollars an acre; if so, one hundred dollars per acre is not an adequate consideration for it. . . . The allegations and evidence as to improvements being placed upon the land by plaintiff do not tend to obviate or cure the defects in plaintiff's case already pointed out."

In *White* v. *Sage,* 149 Cal. 613, 616, [87 Pac. 193], after citing various prior decisions of the supreme court, it is said: "The effect of these decisions is that the mere statement of the price agreed to be paid, as in this case, will not suffice. There must be a showing of the value, at least, so that the court can determine whether or not it was in reasonable proportion to the price to be paid, or of other facts which are sufficient to satisfy the court that the contract is just and reasonable to the buyer in all its material elements."

So in *Kaiser* v. *Barron,* 153 Cal. 788, [96 Pac. 806], it was declared that "specific performance of a contract for the conveyance of land cannot be had by a vendee where it is neither alleged nor proved that the vendor had received an adequate consideration for the contract and that as to him it was just and reasonable, nor that facts exist which would justify the inference that such condition existed."

Finally, in *Haddock* v. *Knapp,* 171 Cal. 59, [151 Pac. 1140], it is said: "Whatever may be the rule in the absence of statute—and on this point the authorities in other jurisdictions are not in harmony—section 3391 of the Civil Code and the decisions of this court establish beyond the possibility

of question the proposition that inadequacy of consideration. is, under the law of California, an independent and distinct ground for denying specific performance. . . . The burden of ·alleging and proving the adequacy of the consideration is upon the party seeking the relief.''

Coming to the facts here, we find that plaintiff alleged in his complaint ''that the sum of seven hundred dollars as set forth and mentioned in said instrument was and is a just, fair and adequate consideration and price for the land therein described.'' Defendants' answer to this was full and specific in denying that the sum of seven hundred dollars was or is adequate or fair or just, and no evidence whatever was even offered as to the value of the property at the time the contract was executed, nor do any circumstances appear tending to show that said consideration was adequate or fair or just. The contract was not denied, but in this class of cases the contract itself does not afford any evidence of the adequacy of the consideration. Being in writing, the presumption is that it was for a valuable consideration, but, as we have seen, the adequacy is a distinct and independent ground in an action for specific performance and it must be proved, or else equity will afford the plaintiff no relief.

If the proof was available, plaintiff can blame only himself for the condition of the record. The issue was made by the pleadings and he should have been placed on his guard. His attention was also called to it on the motion for nonsuit, and, no doubt, if requested, the court would·have permitted him even then to supply the evidence. He chose, however, to ignore that feature, probably for a good reason. At any rate, it seems decisive of the controversy, and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.