The Court.
The demurrer to the complaint in this cause was properly overruled.
In actions for the specific performance of contracts for the sale of lands, it is necessary to allege and show to the court an adequate consideration for the performance of the contract sought to be enforced, and that the same is fair and reasonable in all its parts, and of such a character as may fairly call for the interposition of a court of equity. (Agard v. Valencia, 39 Cal. 292; Bruch v. Tucher, 42 Cal. 346; Fry on Specific Performance, sec. 251.)
In this cause, however, the complaint shows that Mr. Tarpey, with whom the contract for conveyance was made, accepted the consideration of fifteen hundred dollars in such contract specified to be paid, and executed a deed of conveyance, which plaintiff herein supposed conveyed the land in question, but which, in fact, by the fraud of said Tarpey, failed to include a portion of the land agreed to be conveyed.
By accepting the purchase price and delivering of a deed, Tarpey waived all claim to inadequacy of consideration, and that question is not involved in the case.
The gravamen of the charge against Tarpey is, that he professed to convey the whole premises, and by his fraudulent representations induced the plaintiff herein to believe that he had so conveyed, when in truth he had granted but a portion thereof; and the object of this action is to so reform the deed as to make it conform to the agreement pursuant to which it was executed.
2. There was no error in the ruling of the court admitting the deposition of George G. White.
According to the record, the witness White, whose deposition had been taken previous to the trial, testi *608 fled, without objection, to the contents of the written agreement between Tarpey and plaintiff for the conveyance of the land in question. At the trial, defendants for the first time objected to the evidence contained in this deposition, upon the ground that secondary evidence of its contents could not be introduced without proof of the loss or destruction of the original, etc. Thereupon it was shown by the testimony of plaintiff that the contract was executed in duplicate, one copy of which wats delivered to plaintiff, and the other retained by Tarpey. That at the date of the execution to the plaintiff of the • deed, his copy of the agreement was delivered to Tarpey, who destroyed it.- The copy retained by Tarpey was not accounted for, nor did it appear that any notice had been given for its production in court. Defendants had a right to have the original contract introduced in evidence, if in existence and capable of being produced.
The defendant Tarpey had the copy in his possession, and could have produced it, thus obviating the necessity for introducing secondary evidence. Not having produced it, his objection should not be listened to.
3. At the trial, plaintiff, as a witness in his own behalf, testified that after he moved to the -land bought of Tarpey in 1871, he himself gave in the said lands to the assessor of Monterey County for taxation, and was then asked by plaintiff’s counsel the following question: “ When you gave it in, what did you say to the assessor?” In response to which the witness replied: “I told him I had four hundred acres there; that the land was unsurveyed, and that the deed called for six hundred acres, giving the bounds of the deed,” etc. To the introduction of whi;h evidence counsel for defendants objected in due form, and the ruling of the court admitting such evidence is assigned as error.
The statements of a party in interest in his own' behalf, made in the absence of the opposite party, and constituting no part of the res gestee, are not in general ad *609 missible as evidence, and we perceive no theory upon which the evidence introduced was admissible.
It consisted merely in the oral declarations of the party in his own behalf, and as such cannot be upheld. If it be urged that it was introduced for the purpose of showing that the property was assessed to plaintiff and the taxes thereon paid by him, the answer is twofold: 1. Prior to April 1, 1878, the payment of taxes upon land was not a fact essential to adverse possession; 2. The assessment of property and payment of taxes thereon are facts which, when essential to a case, are to be proven as such; and the declarations of a party made to the assessor at the time he assesses property do not prove or tend to prove the fact of assessment, pr any other fact competent to be shown.
Conceding it to have been proper for plaintiff to prove as a fact that this property was assessed to him for the purposes of taxation, it does not follow that his declarations of ownership or possession, made in his own behalf, and which in no wise tended to show that an assessment was in fact made, can be received.
Schenck v. Lithaff, 75 Ind. 485, and Whitney v. Houghton, 125 Mass. 451, are in point, and we think conclusive of the question.
The testimony thus erroneously admitted was important to the issue of plaintiff’s adverse possession made in the case, and as we cannot see that it failed to influence the decision of the cause, the judgment and order appealed from are reversed, and a new trial ordered.
Hearing in Bank denied.