[Civ. No. 334.   Second Appellate District.—April 8, 1907.]

## MERIDIAN OIL COMPANY, Respondent, v. T. H. DUNHAM, Appellant.

SPECIFIC PERFORMANCE—CONTRACT TO CONVEY REAL ESTATE TO CORPORATION—SUFFICIENCY OF COMPLAINT.—In an action by an oil company to enforce specific performance of a contract by defendant to convey three lots of land thereto, where the complaint shows that, in consideration of a purchase of land from the defendant, including the three lots afterward acquired by him for the purpose of erecting the refinery thereon, it had issued its capital stock, which defendant accepted and retained, and that it has erected valuable improvements on the three lots, which defendant had refused to convey, and alleged that the contract to convey the three lots was reasonable and just as to the defendant, it states a cause of action, and a demurrer thereto was properly overruled.

ID.—RULE AS TO PLEADING VALUE OF LAND INAPPLICABLE.—The well-recognized rule that in actions for specific performance the complaint must state the value of the land, or other facts showing that the consideration is adequate, is not applicable to the facts existing in this case.

ID.—ESTOPPEL OF DEFENDANT TO QUESTION ADEQUACY.—After accepting and retaining the agreed consideration for the whole purchase, the defendant cannot question the adequacy thereof.

ID.—PAROL CONTRACT—PART PERFORMANCE—IMPROVEMENTS.—Though the contract to convey the land was by parol, a specific performance of it may be enforced, when the payment therefor has been accompanied not only by a change of possession, but by a large expenditure of money upon the lots by way of improvements thereon, consisting of a number of tanks constituting a part of the plant of its oil refinery.

ID.—PLEADING AND PROOF AS TO IMPROVEMENTS.—Where the contract did not in terms call for an improvement, it was not necessary to allege or prove that the improvements upon the property were made pursuant to the agreement.

ID.—DOCUMENTARY EVIDENCE—ERROR NOT DISCLOSED.—Where no error in the admission or exclusion of documentary evidence is shown, for the reason that no copy thereof is included in the record upon appeal, it must be concluded that the ruling of the court thereon was correct.

ID.—ORIGINAL BOOK ENTRY SHOWING CONTRACT.—The original book entry showing the contract between the corporation and the defendant for the purchase of the land and lots described at a certain price,

to be paid for in stock, was properly admitted as showing the terms of the agreement with defendant as the president.

ID.—IMPROPER EVIDENCE—UNDERSTANDING AND INTENTION OF DEFENDANT—CONCLUSION.—Questions on direct examination of the defendant as to his understanding and intention to convey the lots in question were properly disallowed as calling for the conclusion of the witness.

ID.—DISPOSITION OF STOCK IMMATERIAL—AID OF COMPANY.—The subsequent disposition of the stock received in consideration of the purchase of the land and lots, by placing it in the hands of the trustees to aid the company in tiding over the financial distress, could not, in the absence of an agreement so to do, release appellant from his obligation to convey the property, and was immaterial.

ID.—ADVANCEMENT OF MONEY TO CORPORATION—POSITION OF CREDITOR.—The advance of money by the defendant to the corporation only placed defendant in a position in common with other creditors thereof, and could not entitle him to withhold the conveyance of the lots unless his claim was paid.

ID.—CONTRACT OF SALE—SUPPORT OF FINDINGS.—*Held,* that the evidence in the record conclusively supports the findings that the defendant entered into an agreement to sell the lots in controversy, and that his conduct was such as to estop him from claiming the contrary.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

W. C. Batcheller, for Appellant.

Dunning & Craig, for Respondent.

SHAW, J.—Action to enforce specific performance of a contract to convey real estate.

On July 14, 1902, the plaintiff was a corporation having a board of three directors, of which defendant and his wife were members and president and secretary respectively thereof. It had in process of construction an oil refinery located upon certain lands, which were then owned or afterward acquired by defendant. At a meeting held on said date, all the directors being present, its board adopted a resolution to purchase from the defendant the real estate upon which it was constructing its plant, and pay therefor in capital

stock of the company, and authorized the secretary to issue said stock to the defendant. The stock was issued in accordance with said resolution and delivered to defendant, who conveyed, or caused to be conveyed, to plaintiff all of the property except the three lots involved in this action, and which he did not then own, but subsequently acquired. Plaintiff took possession of the property, including the three lots, and has made valuable improvements thereon, having a number of oil tanks located upon the lots, conveyance of which defendant withholds. After making these improvements, plaintiff learned the condition of the title and demanded a conveyance from defendant, and upon refusal to convey brought this action.

Appellant's demurrer was properly overruled. The allegations of the complaint sufficiently show that the contract was, as to the defendant, reasonable and just. The consideration for the sale was capital stock of plaintiff company. This was issued to and accepted by defendant, who executed a deed of conveyance to a part of the property. The well-recognized rule that in actions for specific performance the complaint must state the value of the land or other facts showing that the consideration is adequate is not applicable to the facts existing here. After accepting and retaining the agreed consideration, appellant cannot question the adequacy thereof. (*Nicholson* v. *Tarpey,* 70 Cal. 608, [12 Pac. 778].) The agreement to sell was based upon a parol contract. To justify a court of equity in enforcing the same, there must be, on the part of the purchaser, part performance thereof within the meaning of section 1741, Civil Code. Payment of the purchase price alone does not constitute such part performance. Such payment must be accompanied by a change of possession, or an expenditure of money upon the property. Not only was there a change of possession and payment of the consideration here, but a large expenditure was made upon these lots in the way of improvements thereon, consisting of a number of tanks constituting a part of the plant for its oil refinery. (*Calanchini* v. *Branstetter,* 84 Cal. 249, [24 Pac. 149].) As the contract called for no improvement, it was not necessary to allege or prove that the improvements upon the property were made *pursuant* to the agreement. (*Freeman* v. *Freeman,* 43 N. Y. 34, [3 Am. Rep. 657].)

5 Cal. App.—24

An examination of the record discloses no error in the rulings of the court in admitting evidence. Neither the copy of the plat admitted in evidence, nor the certificate excluded therefrom, is included in the record, and without which we must conclude that the ruling of the court thereon was correct.

The book entry dated July 14, 1902, in the journal of the company, whereby it appeared that the company had bought from appellant the lots described in the resolution of that date and paid therefor in stock at a certain price, taken in connection with appellant's relation to the corporation as its president, was material as tending to show the parol contract with appellant, and was, therefore, properly admitted. The evidence offered by defendant relative to a sale of the company's property to one Jordan appears to have been wholly irrelevant, and was properly excluded.

On direct examination appellant was interrogated as to his *understanding* and intention as to what he was to convey and as to whether he *intended* to convey the lots in question to the company; all of which and other like questions called for the conclusion of the witness.

It was likewise wholly immaterial what appellant did with the stock received by him as consideration for the promised conveyance of the lots. The fact that it was, pursuant to a subsequent contract, placed in the hands of trustees to aid the company in tiding over its financial distress could not, in the absence of an agreement so to do, release appellant from his obligation to convey the property. Nor did the fact that he had subsequently advanced money to the corporation entitle him to withhold the conveyance unless his claim was paid. His position in this respect was one in common with other creditors. (*San Francisco Water Co.* v. *Pattee,* 86 Cal. 623, [25 Pac. 135].)

The main contention of appellant is that, if for no other reason, the judgment and order denying his motion for a new trial should be reversed upon the ground that the evidence fails to show an agreement on his part to sell the property. It conclusively appears from the record that defendant was president of the company; that he and his wife at the time of the adoption of the resolution held practically all of the issued stock; that he was present at the time the resolution was offered and adopted; that he accepted and retained

the stock named in this resolution as the consideration for the purchase of the lots therein designated and described; that he assisted in locating the lines of the property and with an employee staked out where to set the tanks on these lots; that he, in selling stock, represented to the purchaser thereof that the company owned these lots; and in the face of all this he strenuously contends that he never agreed to sell the lots in question. As we have seen, the adequacy of the consideration is not involved in the action. The court finds that the contract was fair and just as to defendant, and the evidence supports the findings. We cannot approve of the position for which appellant contends. It requires no authority to support the statement that one occupying the position with reference to a corporation held by appellant should be bound to the highest standard of good faith. Any other view would open wide the door for the perpetration of gross fraud.

What we have said as to the sufficiency of the complaint answers appellant's contention as to the court's failure to find any facts upon which it could be determined that the consideration was just and reasonable. The court did find the ultimate fact that it "was just and reasonable as to defendant."

Judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.