[Sac. No. 3523. In Bank.—February 23, 1926.]

FAIR OAKS BANK (a Corporation), Plaintiff and Appellant, v. ELMER N. JOHNSON, Respondent; DON H. SLOCUM, Cross-defendant and Appellant.

**[1]** PROMISSORY NOTE—MORTGAGE—FRAUDULENT REPRESENTATIONS—CONFLICTING EVIDENCE—FINDINGS—APPEAL.—In this action to collect the amount alleged to be due on a promissory note given in payment of a tractor and to foreclose a mortgage given to secure the same, while the evidence was conflicting the appellate court could not say that it was not sufficient to support the find-

ings of the trial court that the execution of the note and mortgage was procured by the false and fraudulent representations of the vendor of said tractor.

[2] ID.—NEGOTIABILITY—AMENDMENT OF CODE—JUDGMENT—PARTIES. Said note having been non-negotiable at the time of its execution, due to the fact that it was secured by a mortgage, it was not rendered negotiable by the subsequent amendment of section 3261 of the Civil Code so as to make such a note negotiable; and, therefore, the judgment canceling the said note was valid not only against the payee thereof, but also against his assignee.

[3] ID.—CROSS-COMPLAINT—FRAUD—ESTOPPEL—WAIVER OF PLEA.—In an action by an assignee of a note and mortgage to collect the balance alleged to be due and to foreclose the mortgage, wherein the defendant interposes a cross-complaint against the plaintiff and against the payee of such note to cancel the same because of the alleged fraudulent representations of the said payee, if the plaintiff desires to contend that defendant is estopped from setting up said defense of fraud as against it, the latter must plead the facts constituting the alleged estoppel as a defense to said cross-complaint.

[4] ID.—RECORDED MORTGAGE—FRAUD—PLEADING—REMEDY OF MAKER. Where a promissory note is secured by a recorded mortgage on real property the maker thereof is entitled to have the same surrendered up and canceled of record, if they were procured by fraud and misrepresentation; and such relief can only be obtained by an independent action brought for that purpose, or, in case action has been brought to foreclose the mortgage, by the filing of a cross-complaint asking for the same relief.

[5] ID.—ESTOPPEL—PLEADING—ISSUES—EVIDENCE—FINDINGS.—In an action to collect the amount due on a promissory note and to foreclose a mortgage given to secure the same, wherein the defendant by answer and cross-complaint pleads that such instruments were obtained by false and fraudulent representations, if the plea of estoppel to interpose such defense is not specially pleaded by plaintiff but the action is tried upon the theory that such estoppel is an issue, an express finding is not necessary, and

---

2. Negotiability of note secured by mortgage, notes, Ann. Cas. 1912D, 9; 32 L. R. A. (N. S.) 859. See, also, 19 Cal. Jur. 812; 3 R. C. L. 917.

3. Necessity for pleading estoppel, notes, 69 Am. St. Rep. 709; 70 Am. St. Rep. 591; 4 Ann. Cas. 536. See, also, 10 Cal. Jur. 654; 10 R. C. L. 842.

4. See 17 Cal. Jur. 979.

5. See 24 Cal. Jur. 974; 26 R. C. L. 1092.

the finding of the trial court that the allegations of defendant's answer and cross-complaint are true is a sufficient implied finding against plaintiff upon the issue of estoppel.

---

(1) 35 Cyc., p. 84, n. 13.   (2) 9 C. J., p. 1222, n. 46.   (3) 21 C. J., p. 1062, n. 40, p. 1242, n. 92, p. 1244, n. 7, p. 1245, n. 8, p. 1246, n. 33.   (4) 27 Cyc., p. 1604, n. 2.   (5) 21 C. J., p. 1254, n. 21 New.

APPEAL from a judgment of the Superior Court of Sacramento County. J. O. Moncur, Judge. Affirmed.

The facts are stated in the opinion of the court.

Elliott & Atkinson, Verne A. McGeorge and Elliott, Atkinson & Sitton for Appellant.

Evan J. Hughes for Respondents.

CURTIS, J.—This is an action brought to collect the amount alleged to be due on a promissory note and to foreclose a mortgage given to secure the same. The note and mortgage were executed by the defendant Johnson in favor of the defendant Slocum and assigned by the latter to plaintiff. The complaint is in the usual form of a complaint for the foreclosure of a mortgage. The defendant Johnson answered alleging that the note and mortgage were given in payment of a second-hand Avery tractor purchased by him from the defendant Slocum and that the latter, in order to induce Johnson to purchase said tractor, made certain false and fraudulent representations as to said tractor. Said defendant Johnson also filed a cross-complaint against plaintiff and said defendant Slocum, setting up the same matters as were alleged in his answer and asked for a cancellation of said note and mortgage. The court found that the allegations of defendant Johnson's answer and cross-complaint were true except in some respects not material on this appeal, and gave judgment in favor of Johnson and against plaintiff and Slocum. Plaintiff and Slocum have appealed.

Appellants' first contention for a reversal of the judgment is that the findings are not supported by the evidence. [1] While the evidence is conflicting we are not able to say that it is not sufficient to support respondent's claim that the note and mortgage were procured through the false and

fraudulent representations of the defendant Slocum. There was evidence that Slocum represented to respondent that the tractor, for the purchase price of which the note and mortgage were given, was in first-class mechanical condition except for a few loose bolts; that it was good as new; that it had not been used enough to really break the machine in; that it had only plowed about ten acres and that the former owner had no trouble with it; that the tractor had been returned to the previous owner because his land was too steep to operate the machine; that compared with the land of the defendant Johnson on which it was proposed to use the tractor, if purchased, the land of the previous owner was practically straight up and down, and that there was no reason why the tractor would not do perfectly satisfactory work on respondent Johnson's land. There is no question from the evidence but that Johnson believed these statements and relying upon them bought the tractor and gave the note and mortgage sued on herein as payment thereof. The evidence further shows that after the delivery of said tractor to respondent he attempted to use the same upon his land and in doing so the counter-shaft of the tractor broke within three hours after respondent had begun operating it and within ten to twelve days thereafter a second counter-shaft broke; that within one month from the time he began to use the machine a connecting-rod broke and knocked a large hole in the side of the crank-case; that in the ordinary use of the tractor the engine heated excessively; that the tractor would not pull up hill; and the former owner had returned it to the defendant Slocum for the reason that he could not get the power out of it. The evidence further shows that the tractor would not pull the plows up the grades on respondent's land and that these grades were steeper than those of the land of the former owner; that upon the connecting-rod breaking, Johnson notified Slocum of that fact and the latter agreed to take it up with the company; that later the tractor was taken from Johnson's land, and he testified at the trial that "it is all scattered about the ground where they left it when they took it apart." Thereafter respondent gave notice of rescission of the contract, note, and mortgage. This evidence was sufficient to justify the findings of the court that the execution

of the note and mortgage was procured by the false and fraudulent representations of the defendant Slocum.

The evidence being sufficient to justify the findings, the judgment against the defendant Slocum is valid. [2] As to the judgment against the plaintiff, the assignee of Slocum, it is conceded by appellants that at the date of the execution of the note and mortgage, April 2, 1921, a note secured by a mortgage was a non-negotiable instrument, although since that date such a note has been made negotiable (Civ. Code, sec. 3265). It is not contended that the amendment to said last-mentioned section of the code has any retroactive effect. The judgment, therefore, is valid and binding upon the plaintiff as well as on the defendant Slocum, unless the further contention of appellants is meritorious. [3] This contention is that the respondent is estopped from setting up the defense of fraud as against plaintiff for the reason that the evidence showed that at the time of the purchase of said tractor said respondent himself procured the loan from the plaintiff, evidenced by said promissory note and mortgage, and that although said note was made payable to defendant Slocum, yet in reality the loan was made by the bank, the plaintiff herein, to respondent Johnson for the purpose of enabling the latter to purchase said tractor, and that while it was made in the first instance payable to defendant Slocum, it was immediately thereafter indorsed and transferred by Slocum to plaintiff and that this was all done in accordance with the agreement and understanding entered into prior to the execution of said note between respondent and appellants; that respondent Johnson failed to inform the appellant bank of any of the statements or representations made by Slocum to him at the time they were negotiating for the purchase and sale of said tractor, and therefore said respondent is estopped from setting up said defense as against the appellant bank.

Neither appellants, the Fair Oaks Bank, nor Slocum set up in any of their pleadings any of the facts which they now rely upon as constituting an estoppel against respondent. In other words, neither of said appellants have pleaded any facts by way of estoppel. Each of said appellants was made a defendant in respondent's cross-complaint asking for the cancellation of said note and mortgage, and each

filed a separate answer to said cross-complaint. The opportunity to plead estoppel was thus given to each of said appellants. "It may now be regarded as firmly settled that, as a general rule, a party who has an opportunity to plead an estoppel upon which his cause of action depends must do so" (10 Cal. Jur. 654). Upon his failure to do so the question cannot be considered (*Placer Co.* v. *Lake Tahoe Ry. & Tr. Co.*, 58 Cal. App. 764 [209 Pac. 900, 906]). "Such is the uniform rule of decision laid down by this court from the case of *Clarke* v. *Huber*, 25 Cal. 593, and to *Chapman* v. *Hughes*, 134 Cal. 641 [58 Pac. 298, 60 Pac. 974, 66 Pac. 982]." (*Burk* v. *Santa Cruz*, 163 Cal. 807, 811 [127 Pac. 154, 156].) These authorities unquestionably dispose of appellants' right to rely upon an estoppel as a defense to the cause of action embraced in respondent's cross-complaint. The question arises, however, whether appellants' failure to plead an estoppel to the cross-complaint in any way affected the right of the appellant, the Fair Oaks Bank, to rely upon an estoppel as against the defendant Johnson's defense in the proceeding to foreclose said mortgage. Did the appellant, the Fair Oaks Bank, by its failure to plead facts by way of estoppel as a defense to respondent's cross-complaint, waive its right to prove said facts in the foreclosure proceeding? The rule requiring a party relying upon estoppel to plead it only applies when such party has an opportunity to make such a plea, and it is well settled that in a proceeding like that instituted by the plaintiff herein, to foreclose its mortgage, no opportunity is afforded it to make the plea of estoppel, and that it may, without pleading it, prove the facts relied upon in the same way as if they had been pleaded. This action, although it embraces the proceedings instituted to foreclose a mortgage, and those instituted by the respondent for the purpose of having said mortgage canceled, is but one action. There can be but one judgment rendered thereunder. The rights of the parties thereunder are determined by their respective pleadings. There cannot be one rule applicable to the Fair Oaks Bank as the plaintiff in said action and another and different rule applicable to said bank as a cross-defendant in the proceedings instituted by Johnson to cancel the note and mortgage. To hold that the bank could rely upon an estoppel as the plaintiff in said action, but that it could not

rely upon an estoppel as a cross-defendant therein, might result in a judgment in said action decreeing the foreclosure of said mortgage and further adjudging that it be set aside and canceled, two absolutely inconsistent determinations. "The law does not favor estoppels, for their effect is to prevent the party against whom they are invoked from proving the truth of the matter, to ascertain which, as a general proposition, is the great end of judicial inquiry. . . . The doctrine is a harsh one, and is never to be applied except where to allow the truth to be told would consummate a wrong to the one party or enable the other to secure an unfair advantage." (*Franklin* v. *Merida,* 35 Cal. 558, 566 [95 Am. Dec. 129]; *Wheaton* v. *Insurance Co.,* 76 Cal. 416, 430 [9 Am. St. Rep. 216, 18 Pac. 758].)

The appellant, the Fair Oaks Bank, had an opportunity to plead facts by way of estoppel in its answer to the cross-complaint, and having failed to make such plea is, in our opinion, precluded from proving said facts in any stage of the proceedings, either to controvert the allegations of respondent's answer to the complaint or in support of its answer to respondent's cross-complaint. Our attention has not been called to any direct authority in support of the conclusions to which we have arrived. On the other hand, we know of none prescribing a contrary rule. It seems, however, upon principle that from the well-established rule requiring an estoppel to be pleaded in case there is an opportunity to do so, otherwise no proof thereof will be permitted, there can be no escape from the above conclusion.

[4] We are unable to agree with the assertion that the cross-complaint was unnecessary as between the parties to this action. It is true that the same facts substantially are set up therein as were alleged in respondent's answer to the complaint. Had the action been confined simply to the foreclosure of the mortgage, and had judgment therein been rendered in favor of the respondent, said judgment could have provided only that the plaintiff in said action take nothing. It could not have been decreed in said action that said mortgage be delivered up and canceled. The mortgage was on record as a lien against respondent's real property and he was entitled, if the same had been procured by fraud and misrepresentation, to have the same surrendered up and canceled of record. This relief could only be obtained by

him either by an independent action brought for that purpose, or, in case action had been brought to foreclose the mortgage, by the filing of a cross-complaint asking for the same relief.

[5] There is another consideration, however, which in our opinion leads to the conclusion that the judgment should be affirmed. Even if we assume that the plaintiff had the right to rely upon estoppel, yet, as the trial court found the allegations of respondent's answer to the complaint and his cross-complaint to be true, we think this was at least an implied finding that the facts relied upon by appellant as an estoppel were not true. As we have already seen, the effect of an estoppel is to prevent the party against whom it is invoked from proving the truth of the matter upon which he relies. In this action the facts relied upon as an estoppel, if proven to the satisfaction of the trial court, would have prevented the respondent from proving the false and fraudulent statements, which he claimed were made to him by the defendant Slocum, as a defense to plaintiff's action to foreclose said mortgage. The record shows that the action was tried upon the theory that it was not necessary to plead the facts relied upon by plaintiff as an estoppel and that such estoppel was in issue. When the court, therefore, found that the allegations of respondent's answer and cross-complaint were true, it must have necessarily passed upon the issue of estoppel, and, by finding in favor of respondent, impliedly found against the appellant upon said issue of estoppel. An express finding, therefore, upon such issue was not necessary under the circumstances of this particular case.

The judgment is affirmed.

Shenk, J., Richards, J., Waste, C. J., Seawell, J., Lawlor, J., and Lennon, J., concurred.

Rehearing denied.