[Civ. No. 13303.   Second Dist., Div. Two.   Nov. 27, 1941.]

IRENE PORRAZZO LO BUE, Appellant, v. JULIA POR-RAZZO et al., Respondents.

Homer C. Compton and Musick & Burrell for Appellant.

David L. Shaw and Robert E. O'Neil for Respondents.

MOORE, P. J.—From a judgment barring plaintiff's recovery of moneys alleged to have been held in trust for her by defendants, plaintiff appeals.

The factual background behind the issues adjudicated is as follows: On the 16th day of May, 1929, one Joseph Porrazzo, husband of appellant, departed this life and appellant, as surviving widow, was appointed administratrix of his estate and as a result of the probate proceedings all of the property of decedent was distributed to her.

During some 18 months prior to Joseph's decease, he and his parents, respondents herein, maintained an account in joint tenancy with the federal branch office of defendant bank, payable to either of said respondents or to decedent. From time to time, the decedent deposited various sums of money and on the 2nd day of January, 1929, decedent withdrew a large sum on deposit, leaving a balance of $10,000. Thereafter, on the 27th day of May, 1929, respondents withdrew the $10,000 from the federal office and deposited it with the head office of the bank to their own credit. Appellant filed this action July 21, 1939.

The court found and the evidence abundantly supports the finding that the intention of the parties was that all moneys so deposited in the federal office should be held in trust for the use and benefit of decedent and pursuant thereto, the court concluded that plaintiff was the sole distributee and heir at law of decedent. No mention is made that decedent

left a will but the presumption is that all his property constituted a community estate of himself and appellant.

Under such findings appellant should have been entitled to a decree awarding to her the money on deposit with defendant bank after the passing of decedent. However, respondents pleaded various sections of the statute of limitations and laches. Basing the judgment upon such pleas the court determined that the right of plaintiff as such distributee was barred by the provisions of sec. 337, subd. 1; sec. 338, subds. 3 and 4; sec. 339, subd. 1, and sec. 343, Code Civ. Proc.; also that her right was barred by laches. On this appeal appellant contends that, by reason of misrepresentations made by respondents to her, she was induced to refrain from taking action for a longer period than that permitted under the statute of limitations or by the rule of laches, and that respondents are therefore estopped to plead such defenses.

The only question for determination, then, is whether the evidence was sufficient to warrant a finding that respondents are estopped by their representations to plead laches and the statute of limitations and whether it was prejudicial error not to make such finding.

Following the decease of Joe Porrazzo, appellant inquired of respondents as to the status of his money at which times she was advised by them that if she "ever took them to court they would say the money did not belong to Joe"; that the money belonged to decedent; that they "would keep it for the benefit of his children"; that they were going to "take good care of it . . . save it and give it to the children"; that appellant could trust them; that they did "not want the money for themselves"; that the money was safe, that it was being kept in their names; that "they would not give me the money." To the children of appellant, respondents made the statements that they "would give us our father's money when we got older"; that "we would get our father's money and that we didn't have to worry"; that "the money was ours and that we would get it eventually."

On October 15, 1929, less than five months after appellant qualified as such administratrix, she filed a petition in the probate proceeding of the estate for the discovery of concealed property, in which petition she alleged that the respondents had in their possession the sum of $40,000, the

property of decedent; that it was kept on deposit with defendant bank; that they refused to deliver it to appellant as administratrix of the estate; and that defendant Antonio had fraudulently embezzled and converted the money to his own use. In the answer of respondents to such petition all of her allegations were denied and it was specifically alleged that all of the property possessed by decedent was at that time in the possession of petitioner. The answer was filed in the probate proceedings on the 18th day of October, 1929. While a number of witnesses testified to certain language used by respondents as indicating their understanding that they held the $10,000 for the benefit of Joe, there is a dearth of evidence indicating that respondents ever made any promises to appellant that they would pay the money to her in consideration of her desisting from the filing of an action for the recovery of the money or for any other reason. From their replies to her or to her emissaries, no promise can be inferred that they would give the money to appellant if she desisted from filing an action to gain possession thereof.

Such statements of respondents are not such as will create an equitable estoppel. To constitute such estoppel there must have been a false representation or a concealment of material facts with reference to the possession and final disposition of the money and in addition thereto, it would have been necessary that appellant have been ignorant of the truth of such misrepresentation or concealment. (*General Motors Acceptance Corp.* v. *Gandy,* 200 Cal. 284, 297 [253 Pac. 137].)

The testimony of appellant establishes that at all times she possessed knowledge of the facts with reference to the continued possession of the money by respondents as well as of her right to recover it from them. The failure of the trial court to make a finding with reference to the facts constituting the alleged basis for an estoppel is not prejudicial. This is so because the only finding that could have been made upon the evidence would have been adverse to appellant. Where a case is tried upon the theory that it is not necessary to plead facts relied upon as an estoppel and that such estoppel was in issue, the court must necessarily have determined the question of estoppel by impliedly finding against appellant upon that issue. An express finding under the circumstances would add nothing to the court's decision.

(*Fair Oaks Bank* v. *Johnson,* 198 Cal. 196, 203 [244 Pac. 335].) Where the evidence in a case raises the issue of estoppel and the action is tried upon that theory and it appears from the findings that the court impliedly found against the appellant upon that issue, the absence of an express finding does not warrant a reversal. (*Tharp* v. *San Joaquin Valley Sec. Co.,* 20 Cal. App. (2d) 20, 25 [66 Pac. (2d) 230].)

The authorities relied upon by appellant (*Miles* v. *Bank of America,* 17 Cal. App. (2d) 389 [62 Pac. (2d) 177]; *Rapp* v. *Rapp,* 218 Cal. 505 [24 Pac. (2d) 161]; and *Calistoga National Bank* v. *Calistoga Vineyard Co., Ltd.,* 7 Cal. App. (2d) 65 [46 Pac. (2d) 246]) are readily distinguishable. In those cases the plaintiffs were induced to desist from promptly suing to enforce the covenants of their agreements by repeated fraudulent promises to perform them. Each plaintiff was induced to believe an amicable adjustment would be made with them without suit. Delay in commencing action was induced by conduct of the offending party and could not, therefore be availed of by him as a defense. (37 C. J. 725.)

The judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.