[Civ. No. 15175. First Dist., Div. Two. June 27, 1952.]

IRMA H. BRYON, Appellant, v. HILDA MacDONALD, as Executrix, etc., Respondent.

Delany, Werchick, Fishgold & Minudri for Appellant.

Erskine, Erskine & Tulley and J. Benton Tulley for Respondent.

DOOLING, J.—In 1916 the plaintiff and appellant married Charles Barnes. In 1945 she obtained a decree of divorce from Barnes in Nevada and shortly thereafter married her cousin Bryon. In 1949 she commenced an action against Barnes for the sale of a parcel of real property standing of record in her name and that of her former husband together with some miscellaneous tools claimed to have been community property and the division of the proceeds. Barnes filed a cross-complaint in which he alleged that at about the time of their separation in 1945 he

and appellant had orally agreed to divide their community property, she to get most of the household furniture and an automobile and he the tools. It was further alleged that in consideration of the payment by him to her of $2,000, which had in fact been paid, she agreed to quitclaim and convey to him her right, title and interest in the real property. Before the trial Barnes died and his executrix was substituted as defendant and cross-complainant.

The court found this agreement to have been made and that it was fully performed by Mr. Barnes and quieted title in the cross-complainant to the real property and tools. On her appeal from this judgment plaintiff argues that there is no evidence of the oral agreement as found. There is no direct evidence of such agreement except the testimony of a self-serving statement of Barnes elicited on cross-examination of the respondent executrix. However respondent introduced certain letters written by an attorney who represented appellant in 1945 offering to settle the property rights of the parties on that basis and cancelled checks from Barnes to appellant extending over a two-year period in 1945 and 1946 aggregating more than $2,000. While appellant testified that these checks were in payment of an antecedent debt to her mother and denied that she had ever entered into a settlement agreement with Barnes, we cannot say that the trial judge could not reasonably draw the inference that an oral agreement had been made as suggested in the letters from appellant's attorney and that the cancelled checks were in satisfaction thereof. ■ We need hardly repeat the settled rule that circumstantial evidence will support a finding against direct testimony to the contrary. (*Gray* v. *Southern Pac. Co.*, 23 Cal.2d 632, 641 [145 P.2d 561].) This rule seems particularly apposite where the death of the other party to the transaction deprives the court of the benefit of his testimony.

■ Although an offer of compromise may ordinarily not be shown in evidence, here the purpose of the evidence of the offer was to show its ultimate acceptance, a perfectly proper procedure.

■ It was not necessary to plead or prove facts showing that the agreement was fair and equitable or for the court to find them since it is "well settled that where the consideration agreed on in a contract has been accepted, the acceptance constitutes a waiver of any claim of inadequacy." (*Peters* v. *Binnard*, 219 Cal. 141, 150 [25 P.2d 834]; *West-*

*wood Temple* v. *Emanuel Center,* 98 Cal.App.2d 755, 759 [221 P.2d 146]; *Conway* v. *Moore,* 70 Cal.App.2d 166, 174 [160 P.2d 865]; *Hercules Glue Co.* v. *Littooy,* 25 Cal.App.2d 182, 187 [76 P. 2d 700]; *Lerma* v. *Flores,* 16 Cal.App.2d 128, 131 [60 P.2d 546].)

The attorney whose letters admitted in evidence contained the offer of property settlement was allowed to testify to statements of appellant made to him of the value that she placed on the real property at that time. No prejudice resulted from this violation of the privilege in view of the rule last above stated since the court found that she had accepted the full consideration for her promise and the value of the property thereby became immaterial. It also appears in evidence that appellant had stated to respondent executrix that she and this attorney had "arrived at the conclusion that $1,800 would be about right for her community interest in the property."

The trial court found that in making the agreement the parties acted "after being independently advised by attorneys of their own choice," there is no evidence that appellant was not fully advised of her rights and the offer of settlement came from her, not her husband. "Since the agreement was conceived by her and not the result of any suggestion or act on the part of the husband, the trial court was justified in concluding that any presumption of undue influence or fraud had been rebutted." (*Estate of Wieling,* 37 Cal.2d 106, 110 [230 P.2d 808].)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.