[Civ. No. 4680.   Fourth Dist.   Apr. 2, 1954.]

J. J. HOWELL AND ASSOCIATES, INC. (a Corporation), Respondent, v. QUIRINO ANTONINI, Appellant.

John D. Chinello and Lawrence Kennedy for Appellant.

Miles & Sears for Respondent.

MUSSELL, J.—This is an action for specific performance of a contract to convey real property, to quiet title and for damages. The trial court ordered defendant to convey the property to plaintiff, quieted plaintiff's title thereto and denied its claim for damages. Defendant contends on his appeal from the judgment that the complaint does not state a cause of action for specific performance; that the evidence is insufficient as a matter of law to support the judgment and that it should be reversed for the reason that the trial court failed to make a finding on the material defense of estoppel raised by defendant.

On November 6, 1951, J. J. Howell, president of plaintiff corporation, and defendant signed escrow instructions at the office of the Home Title Company in Fresno. Defendant agreed to sell and plaintiff agreed to buy the property involved. The description of the land to be conveyed was discussed by Howell and defendant in the presence of Mr. Mathias, the escrow officer. At the request of Howell and defendant, he prepared a sketch describing the property to be sold as a rectangular parcel 100 feet north and south and 260 feet east and west. This sketch was prepared by Mathias from one drawn by Howell and the dimensions of the property shown on the sketch or diagram were given to him by Howell. Mathias then drew the escrow instructions and the property to be conveyed was described therein as "per sketch." The sketch or diagram was fastened to the escrow instructions by a paper clip and both Howell and defendant,

after seeing the plat and sketch, signed the escrow instructions.

On November 20, 1951, Mathias prepared a grant deed from defendant to plaintiff describing the property to be conveyed as a rectangular parcel 100 x 200 feet, thus omitting to include a rectangular parcel 60 x 100 feet also described in the escrow instructions. At the trial, Mathias, when asked to explain why the deed in escrow between plaintiff and defendant contained a different description than that in the original instructions, replied, "I can answer it by saying that I don't know why. No, I have no explanation."

Plaintiff Howell testified that the first time he knew that he had received less property than described in the escrow instructions was about a month before the present action was filed. Defendant testified that he agreed to sell plaintiff the real property described in the deed, 100 x 200 feet; that he did not tell Howell he was selling the 60 x 100 feet omitted from the deed; that the description read to him by Mathias was 100 x 200 feet; that no sketch or diagram was attached to the escrow instructions when they were signed and that the deed subsequently signed and acknowledged before Mathias correctly reflected the transaction and sale.

■ The trial court found that the defendant agreed to sell and the plaintiff agreed to buy the property described in the escrow instructions as being 100 x 260 feet; that plaintiff paid the agreed purchase price therefor; that the deed omitted the east 60 feet of the property sold; that said omission was due to inadvertence and mistake; that the mistake was not discovered by plaintiff until shortly before the filing of the instant action; that plaintiff is the owner of the property described in the escrow instructions; and that defendant has no right, title or interest therein. The court concluded that plaintiff was entitled to recover the property omitted from the description in the deed. It ordered defendant to convey the property in dispute to plaintiff and enjoined him from asserting any right, title or interest thereto. Judgment was entered in accordance with these findings and conclusions. Since these findings are supported by substantial evidence, the judgment based thereon cannot be here disturbed. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].)

■ Defendant's argument that the complaint fails to state a cause of action for specific performance is based on the assertion that plaintiff failed to plead and prove that

there was an adequate consideration for the contract and that it was just and reasonable as to defendant. Citing such cases as *Makay* v. *Whitaker*, 116 Cal.App.2d 504, 509 [253 P.2d 1021]; *Mendiondo* v. *Greitman*, 93 Cal.App.2d 765, 767 [209 P.2d 817]; *Mayer* v. *Beondo*, 83 Cal.App.2d 665, 667, 668 [189 P.2d 327, 190 P.2d 23]; *Eischoltz* v. *Nicoll*, 66 Cal.App.2d 67, 69-70 [151 P.2d 664]; *Haidopoulos* v. *Woolett*, 5 Cal.App.2d 229, 232-234 [42 P.2d 1056]. However, there is an exception to the rule stated where an agreed upon consideration has been accepted. As was said in *Conway* v. *Moore*, 70 Cal.App.2d 166, 174 [160 P.2d 865]:

"Moreover, and in any event, fairness and adequacy of consideration need not be alleged where an agreed upon consideration has been accepted, the acceptance constituting a waiver of any claim of inadequacy. (*Peters* v. *Binnard*, 219 Cal. 141 [25 P.2d 834]; *Fleishman* v. *Woods*, 135 Cal. 256 [67 P. 276]; *Nicholson* v. *Tarpey*, 70 Cal. 608 [12 P. 778]; *Meridian Oil Co.* v. *Dunham*, 5 Cal.App. 367 [90 P. 469].) It should be pointed out that the absence of more specific allegations of fairness and adequacy were not made a ground of special demurrer."

As in that case, there was no special demurrer interposed in the instant action. The evidence shows that plaintiff corporation borrowed money and paid the purchase price of the property involved from the funds so obtained and it is alleged in the complaint that plaintiff paid the agreed purchase price for the property. Under the circumstances, defendant's objection to the sufficiency of the complaint to state a cause of action is without merit.

Defendant next contends that the trial court erred by failing to make an express finding on the material defense of estoppel raised by defendant. This defense was pleaded in defendant's answer and evidence was introduced that plaintiff accepted, recorded and retained the deed of November 20, 1951, describing the real property sold as 100 x 200 feet; that about a month before the instant action was filed plaintiff, in borrowing the money to pay the purchase price of the property involved, executed a trust deed describing the property subject to the trust deed as being the same as that contained in the deed of November 20, 1951; that taxes were paid by plaintiff and defendant in accordance with the description in said deed and that plaintiff for several months after receiving said deed failed to claim any other or different title.

Where an action is tried before the court without a

jury, in the absence of a waiver, findings are required upon all material issues presented by the pleadings and the evidence. If the court renders judgment without making such findings, the judgment must be reversed. (*Hicks* v. *Barnes*, 109 Cal.App.2d 859, 862 [241 P.2d 648].) ██ However, in the instant case the trial court found that the omission of the property in dispute from the description in the deed was due to inadvertence and mistake and was not discovered by plaintiff until shortly before filing this action; that defendant agreed to sell and plaintiff agreed to buy the real property described in the escrow instructions and that plaintiff is the owner of the property described in said instructions. These are implied findings against the issue of estoppel and as was said in *Lo Bue* v. *Porrazzo*, 48 Cal.App.2d 82, 86 [119 P.2d 346]:

"Where the evidence in a case raises the issue of estoppel and the action is tried upon that theory and it appears from the findings that the court impliedly found against the appellant upon that issue, the absence of an express finding does not warrant a reversal."

An express finding under the circumstances here presented would add nothing to the court's decision. (*Fair Oaks Bank* v. *Johnson*, 198 Cal. 196, 203 [244 P. 335].) ██ Where, as here, the findings made necessarily are against the allegation of estoppel in defendant's answer, they are sufficient. The findings, taken as a whole, or construed together show that they include the court's conclusions upon the material issues. (*Cleverdon* v. *Gray*, 62 Cal.App.2d 612, 617 [145 P.2d 95].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.