[S. F. No. 21388. In Bank. June 30, 1964.]

MILTON KIDD et al., Plaintiffs and Respondents, v. ELDON KIDD, Individually and as Administrator, etc., Defendant and Appellant.

Charles B. Snow for Defendants and Appellants.

Gant & Gant and Warren F. Gant for Plaintiffs and Respondents.

McCOMB, J.—Defendant appeals from a judgment in favor of plaintiffs in an action for specific performance of a contract to convey an interest in real property and to have defendant declared a constructive trustee of the property.

*Facts*: Plaintiffs and Clarence W. Kidd (now deceased) were brothers, who had lived upon, and assisted with the operation of, a dairy farm established by their mother when they were children.

In 1927 plaintiffs formed a partnership and took over complete responsibility for operation of the dairy, at which time decedent left the ranch and did not participate in the partnership or its operation.

The mother retained title to the property until her death in 1952, when title passed to the four sons, share and share alike.

In March 1955 plaintiffs gave decedent checks for the full price of $3,100 in payment for his interest in the property, pursuant to a specifically enforceable contract. Decedent never repudiated his obligation to execute a deed and several times orally affirmed his intention to attend to the matter. He died in September 1960, however, without having done so.

Plaintiffs in the meantime continued in possession of the property, paid the taxes, and received the income from it.

In August 1961 plaintiffs commenced the present action against decedent's estate to enforce their rights to obtain a conveyance of the property.

The trial court found that there was a specifically enforceable contract between plaintiffs and decedent, since the contract had been fully performed on plaintiffs' part, and that

decedent's successor in interest held title to the property as a constructive trustee, with the obligation to convey it to plaintiffs.

*Questions*: First. *Is the present action for specific performance barred by the statute of limitations?*

*No.* A vendee who has fully performed his part of a contract of sale is the beneficiary of a trust in the legal title, which is held for him by the vendor; and the statute of limitations does not run against a cause of action specifically to enforce the contract until such trust is clearly and unequivocally repudiated by the vendor. (*Hermosa Beach etc. Co.* v. *Law Credit Co.*, 175 Cal. 493, 496 [166 P. 22] ; *Conway* v. *Moore*, 70 Cal.App.2d 166, 172 [5] [160 P.2d 865].)

If the vendee is in actual possession, no repudiation by the trustee will be effective unless it includes an actual taking possession of the property. (*Fleishman* v. *Woods*, 135 Cal. 256, 259 [67 P. 276] ; *Scadden Flat G. M. Co.* v. *Scadden*, 121 Cal. 33, 39 [53 P. 440] ; cf. *Berniker* v. *Berniker*, 30 Cal.2d 439, 448 [5] [182 P.2d 557] ; *Peixouto* v. *Peixouto*, 40 Cal.App. 782, 787 [181 P. 830].)

In the present case, plaintiffs had performed all of their contractual obligations, having made payment in full to decedent. Thereupon decedent's duty to convey the property became absolute, and he held bare legal title thereto, plaintiffs being the equitable owners.

Decedent never repudiated the trust which thus resulted, but defendant attempted to do so after decedent's death. However, since plaintiffs continued in actual possession, openly occupying the property and paying the taxes thereon, the attempted repudiation by defendant did not start the running of the statute of limitations.

Second. *Is the present action barred by the statute of frauds?*

*No.* The record discloses that there was a written memorandum sufficient to satisfy the statute of frauds. On March 13, 1955, decedent agreed for $3,100 to sell his one quarter interest in the 27 acres to his three brothers, who were in possession. The agreement was made with Milton Kidd, who gave decedent two checks totaling $3,100, and decedent signed a receipt reading: "Today I received from my brother Milton Kidd for himself and my brothers Hubert & Herman the sum of $3100.00 (three thousand one hundred dollars) as payment for property left by our mother to we four brothers."

In view of our conclusions, it is unnecessary to discuss other questions presented by counsel.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.

Appellant's petition for a rehearing was denied July 29, 1964.